Filed May 26, 1892.

------◆------

No. 535.

## ROBERTSON ET AL. *v.* McPHERSON.

JURY.—*When Trial by is Proper.—Legal and Equitable Remedies.—Fraudulent Transfer, Conversion of Property Conveyed.*—A. sued B., alleging that S. and M. were indebted to him, and that after such indebtedness was created they conveyed all their property to B. with the intention of cheating and preventing him from collecting his debt; that B., knowing of such intention, and being a party thereto, wrongfully sold and otherwise converted such property to her own use and benefit, whereby he was prevented from having applied to his claim the proceeds of the sale of such property and was not able to collect his debt. There was a general prayer for damages.

*Held,* that the cause was properly submitted to the jury for trial.

EVIDENCE.—*Cross-Examination, Showing Feeling of Witness.*—On the trial of said cause M. was asked, on cross-examination by the defendant B., if he did not say that " We are going to keep up the law suits against B. until we break her up."

*Held,* that the question was proper as tending to show a feeling of hostility toward B., which it was proper for the jury to consider in estimating the value of his testimony.

From the Monroe Circuit Court.

*E. K. Millen* and *J. R. East,* for appellants.

*J. H. Louden* and *W. P. Rogers,* for appellee.

BLACK, J.—The appellants, Charles T. Robertson and Walter S. Robertson, sued the appellee, Isabella McPherson, and the judgment was in favor of the defendant.

The court overruled the motion of the appellants that the cause be tried by the court, and upon the demand of the appellee submitted it to a jury. This action of the court is assigned as error. It was stated as a cause in a motion of the appellants for a new trial, the overruling of which also is assigned as error.

In the complaint it was alleged that on the 13th of November, 1885, Samuel T. Smith and Hugh M. Murdock, who were partners, were indebted to various persons, and were the owners of certain personal property described; that on the 16th of February, 1887, they were the owners of certain additional personal property described; that all of said property was reasonably worth $3,000; that at said times said owners entered into a conspiracy with the appellee to cheat, hinder and delay the creditors of said owners, and especially the appellants; that in pursuance of such conspiracy, and in execution thereof, it was agreed between said parties thereto that said owners should, and they then did, convey to the appellee, for such fraudulent purpose, all of said property for the colorable consideration of $8,700, but, in fact, for no valuable consideration whatever; that said owners, or either of them, had not, at the times of such con-

Robertson *et al. v.* McPherson.

veyances and since, other sufficient property subject to execution to pay their debts or any part thereof; that the appellee " has, by reason of said fraudulent conveyance, well knowing the intent and purpose thereof, wrongfully sold and otherwise converted to her own use and benefit the whole of said property, to the injury and damage of the creditors of " said owners, and especially the appellants, " in this, to wit: At the time of said fraudulent conveyances " said owners were indebted to the appellants, " who, by reason of such indebtedness, recovered a judgment in the Monroe Circuit Court, on the 6th day of December, 1887, in the sum of $743.30, together with costs in the sum of $50, which judgment is wholly unpaid and unsatisfied; and by reason of the said fraudulent conveyance and the said wrongful conversion of such goods and chattels, which should, and otherwise would, have been and remained subject to execution, these plaintiffs have been damaged in the sum of one thousand dollars, for which sum they pray judgment and all proper relief."

The answer was a general denial. No question is presented as to the sufficiency of the complaint.

It is only in suits that formerly were of exclusive equitable jurisdiction that a jury is not demandable by either party for the trial of the issues of fact.

The question whether or not the cause is one in which a jury may be demanded depends upon the jurisdiction invoked. If the remedy sought be equitable, the court can not be required to call a jury; if it be legal, the trial is by jury, unless a jury be waived. *Basey* v. *Gallagher*, 20 Wall. 670; *Evans* v. *Nealis*, 87 Ind. 262; *Martin* v. *Martin*, 118 Ind. 227.

It is manifest that the facts stated in the complaint before us do not present any ground for a specific decree. It is only sought to recover compensation by way of damages.

There was no available error in submitting the trial of the cause to a jury.

On the trial said Hugh M. Murdock, one of the partners so indebted to the appellants, was a witness in their behalf.

On cross-examination he was asked whether or not at a certain time and place, after a former trial of this cause, he said to Abner May, in the presence of William H. May, "we are going to keep up the law suits against Mrs. McPherson until we break her up." The court overruled the objection of the appellants to this question, and the witness answered that he used that language, except that he said "they" and not "we."

Afterward the appellee was permitted, over the objection of the appellants, to introduce the testimony of Abner May that the language of said Murdock was as indicated in the question above quoted.

In these rulings of the court there was no error. It was not inadmissible to thus show to the jury the animus of the witness Murdock, the interest which he took in the cause in which he testified. The evidence tended to show a feeling of hostility toward the appellee, which it was proper for the jury to consider in estimating the value of his testimony. 1 Greenl. Ev., section 450; *Scott* v. *State,* 64 Ind. 400; *Johnson* v. *Wiley,* 74 Ind. 233; *Stone* v. *State, ex rel.,* 97 Ind. 345; *Ford* v. *State,* 112 Ind. 373.

The judgment is affirmed.

Filed May 24, 1892.