JOHN H. BROULT *vs.* CHARLES H. HANSON & another.

Middlesex.   November 18, 1892. — January 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Collision of Teams — Statute — Prima Facie Evidence — Burden of Proof.*

In an action for damages occasioned by a collision, in a public street, it appeared that both teams were left unattended, and that, at the time of the collision, no persons met each other travelling with the vehicles which collided. The plaintiff requested the judge to instruct the jury, first, that if the defendant's team, passing along unattended, came in contact with the plaintiff's team, which was left standing at the side of the street on the left hand of the defendant's team as it approached, that would be *prima facie* evidence of the defendant's negligence; secondly, that the burden would be on the defendant to satisfy the jury that he was not negligent. *Held*, that the provisions of the Pub. Sts. c. 93, § 1, which relate to persons "travelling with carriages," etc., had no application, and that the burden of proof remained on the plaintiff as well after as before the introduction of *prima facie* evidence of negligence; that a *prima facie* case calls for evidence on the other side to meet it; and that if evidence of equal weight is introduced so that the two sides are in even balance, the plaintiff fails.

TORT, for injuries occasioned to the plaintiff's horse and wagon by collision with the defendants' team.   At the trial in the Superior Court, before *Braley*, J., the jury returned a verdict for the defendants; and the plaintiff alleged exceptions.   The material facts appear in the opinion.

*J. F. Manning*, for the plaintiff.

*F. W. Qua*, for the defendants.

KNOWLTON, J.   The instruction requested by the plaintiff involves two propositions: first, that if the defendants' team, passing along unattended, came in contact with the plaintiff's team, which was left standing at the side of the street on the left hand of the defendants' team as it approached, that would be *prima facie* evidence of the defendants' negligence. Secondly, that in such a case the burden would be on the defendants to satisfy the jury that they were not negligent.

To support the first proposition, the plaintiff relies on the Pub. Sts. c. 93, § 1, which require that, "when persons meet each other on a bridge or road, travelling with carriages, wagons, carts, sleds, sleighs, or other vehicles, each person shall seasonably

drive his carriage or other vehicle to the right of the middle of the travelled part of such bridge or road," etc. We are of opinion that this statute is not applicable to the present case, in which it is agreed that both the teams were left unattended, and that, at the time of the collision, no persons met each other travelling with the vehicles which collided. *Lovejoy* v. *Dolan*, 10 Cush. 495. *Garrigan* v. *Berry*, 12 Allen, 84.

It is not argued that the slow movement of a heavy team along a street with a driver temporarily absent would in itself alone be *prima facie* evidence of negligence on the part of the driver; see *Southworth* v. *Old Colony & Newport Railway*, 105 Mass. 342; but if it would, the instruction requested could not have been given; for it has often been decided that, in a case of this kind, the burden of proof remains on the plaintiff, as well after as before the introduction of *prima facie* evidence of negligence. A *prima facie* case calls for the introduction of evidence on the other side to meet it. If evidence of equal weight is introduced, so that the two sides are in even balance, the plaintiff fails. *Powers* v. *Russell*, 13 Pick. 69. *Central Bridge* v. *Butler*, 2 Gray, 130. *Nichols* v. *Munsel*, 115 Mass. 567.          *Exceptions overruled.*