WESLEY D. MESERVEY *vs.* ARTHUR H. LOCKETT.

Suffolk.   March 8, 1894. — May 17, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Law of the Road.*

The act of driving on the left of the centre of a road sixty feet wide is not of itself negligence, nor does it tend to show negligence or a violation of the law of the road on the part of the driver as against another person crossing the road on foot, who is accidentally injured by him.

TORT, for injuries occasioned to the plaintiff by being knocked down by a horse driven by the defendant.

At the trial in the Superior Court, before *Dewey*, J., there was evidence tending to show that on June 10, 1891, at about half-past eleven o'clock in the evening, the plaintiff, while crossing on foot a street called West Chester Park, in the city of Boston, was knocked down and injured by a horse attached to a buggy driven by the defendant. The street was about sixty feet wide, and in the centre of it was a double line of street car tracks. Between the outer rail and the curb of the sidewalk there was on either side of the tracks a space of twenty-three feet. At the time of the accident the defendant was driving on the left of the centre of the street going from Columbus

Avenue toward Huntington Avenue, and the plaintiff was cross-
ing to the centre of the street to take a street car going in the
opposite direction.

The plaintiff testified that, before leaving the sidewalk, he
had looked up and down the street, but had seen or heard no
team coming in either direction, and that he had gone about
fourteen feet from the curb toward the car track when he was
knocked down and rendered unconscious.

The defendant testified that, as he was driving on the left side
of West Chester Park, he met a hansom, which he passed, turn-
ing to the right toward the street car track, and nearer the track
than the curb, but not crossing the track, and just after he had
passed the hansom the plaintiff came out from behind it to take
the street car, which was also coming toward him, and that the
plaintiff was about three feet in front of his horse when he first
saw him.   The presence of the hansom was controverted by the
witnesses for the plaintiff.   This was all the material evidence
in the case.

The plaintiff requested the judge to instruct the jury:

1. If the jury are satisfied that the defendant was on the left-
hand side of the middle of the travelled part of the street, and
that his being there at the time of the collision was an act of
negligence, or if his neglecting to turn to the right on meeting
the plaintiff was an act of negligence, either of which caused
the injury, the plaintiff may recover, if he was in the exercise
of due care.   2. If the jury are satisfied, from the evidence, that
the defendant was on the left-hand side of the street, it is evi-
dence strongly tending to show the want of ordinary care on the
part of the defendant.   3. One who violates the law of the road
by driving on the wrong side of the way assumes the risk of all
such experiments, and must use greater care than if he had kept
upon the right side of the road.   If a collision takes place, the
presumption is generally against the party upon the wrong side.
Especially is this true where the collision takes place in the dark.

The judge declined to rule as requested, and instructed the
jury that the question of the defendant's negligence was to be
determined upon all the evidence and circumstances in the case,
— the place where he was, the time he was there, the width of
the street, the degree of light, and the question whether there

was a hack or carriage between him and the plaintiff; that it was upon the plaintiff to show, taking into consideration all the evidence, that the defendant drove in such a way, and with such speed, as to be guilty of negligence, that is, as to be inconsistent with reasonable and ordinary care, that the uncontested evidence showed that the street was about sixty feet wide, that it had car tracks in the middle, and that on the defendant's left-hand side of the street there was a place for carriages twenty feet wide or more, and that the defendant was driving upon the right-hand side of that strip, that is, upon the side nearest to the street car; that, so far as any law of the road was concerned with reference to the plaintiff, the defendant had a right to drive there, and all that was required of him was to drive consistently with reasonable and ordinary care and prudence; that the jury were to take into account where he was, where his horse and carriage were on the street, in connection with everything else, in determining whether he was driving with reasonable and ordinary care, whether his speed was too great, and whether he looked out with due caution; and that the law did not allow the deduction that, because the plaintiff was injured although using due care, therefore the defendant must have been negligent, because it contemplates it as possible that such things happen without the fault of either party or with the fault of both.

The principle is not that, by doing something which the defendant did not do, the accident might have been avoided, for perhaps it very rarely happens that an accident occurs when, if one or the other of the parties had done differently, it might not have been avoided. But the law goes back to the time and circumstances, and asks whether, under all the circumstances, the conduct of the plaintiff and defendant respectively was such as due and reasonable care required. It does not hold them responsible for their judgment, or their conduct, as determined by the after light which a jury may have when it passes judgment.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. E. Hanly & J. F. Libby*, for the plaintiff.

*F. Ranney & I. R. Clark*, for the defendant.

MORTON, J. We think that the instructions given by the presiding justice were correct, and were all that the case required,

and that those requested by the plaintiff were properly refused. The instructions requested by the plaintiff were based upon the view that the defendant was negligent, or violated the law of the road in being where he was. Neither proposition is correct. So far as concerned the plaintiff, the defendant had a right to be where he was, and violated no law of the road by being there. *Lloyd* v. *Ogleby*, 5 C. B. (N. S.) 667. *Cotterill* v. *Starkey*, 8 C. & P. 691. *Lovejoy* v. *Dolan*, 10 Cush. 495. *Broult* v. *Hanson*, 158 Mass. 17. *Norris* v. *Saxton*, 158 Mass. 46. So far as the defendant's negligence was concerned, the presiding justice properly instructed the jury that they were to " take into account where he was, where his horse and carriage were on the street, in connection with everything else, in determining whether he was driving with reasonable and ordinary care." It would have been error to instruct that his being on the left of the centre of the road was of itself evidence of negligence, or tended of itself to show negligence as against the plaintiff. Cases *ubi supra*, and *Parker* v. *Adams*, 12 Met. 415, 419.

<em>Exceptions overruled.</em>