SCOFIELD ET AL. v. MYERS, ADMINISTRATRIX.

[No. 3,886.   Filed June 19, 1901.   Rehearing denied October 9, 1901.]

NEGLIGENCE.— *Collision on Highway.— Contributory Negligence.*—
Where a person driving along a public highway was killed by his
vehicle being run into from the rear by a runaway team, the fact
that the deceased could have avoided the collision if he had looked
and listened, which he failed to do, did not render the deceased
guilty of contributory negligence so as to prevent a recovery in an
action for damages, since a person driving along a public highway
has a right to assume that approaching teams are being driven by
competent drivers.   *pp. 375-377.*

WITNESSES.—*Impeachment.*—Where a witness testifies affirmatively
to the prejudice of the party calling him, he may be impeached.
*pp. 317, 378.*

From Marion Superior Court; *J. M. Leathers,* Judge.

Action by Tillie Myers, administratrix, against Scofield,
Shurmer & Teagle.   From a judgment for plaintiff, de-
fendants appeal.   *Affirmed.*

*H. N. Spaan,* for appellants.

*W. H. H. Miller, J. B. Elam, J. W. Fesler, S. D. Miller*
and *E. A. McAlpin,* for appellee.

ROBY, J.—Appellee's decedent, a man about sixty years
of age, was driving along a "graveled pike" highway, thirty
feet wide, between Greenwood and Indianapolis, in a single
top buggy, the back curtain of which was up, when he was
overtaken by a runaway team of large horses attached to
an oil wagon, which collided with his vehicle, inflicting in-
juries to him from the effect of which he died.   He could
have seen the approaching team had he turned and looked,
and he could have heard them when and after they were 300
feet distant from him.   He did not look back, and up to the
time of the collision was apparently oblivious to danger.

Appellants' counsel assert that his failure to look and lis-
ten constitutes contributory negligence, or that in the ab-
sence of a showing that he did look and listen, the jury

were not justified in finding him to have been in the exercise of due care, the action being one by his administratrix for damages on account of appellants' alleged negligence causing the death. The following cases are cited in support of the contention: *Evansville St. R. Co.* v. *Gentry,* 147 Ind. 408, 62 Am. St. 421, 37 L. R. A. 378; *Toledo, etc., R. Co.* v. *Brannagan,* 75 Ind. 490; *Indiana, etc., R. Co.* v. *Greene,* 106 Ind. 279, 55 Am. Rep. 736; *Cincinnati, etc., R. Co.* v. *Howard,* 124 Ind. 280, 8 L. R. A. 593, 19 Am. St. 96; *Pittsburgh, etc., R. Co.* v. *Bennett,* 9 Ind. App. 92.

The rule declared in this class of cases is not applicable to persons crossing highways on foot, and much less to those in the situation of appellee's decedent. *Moebus* v. *Herrmann,* 108 N. Y. 349, 15 N. E. 415, 2 Am. St. 440; *Wendell* v. *New York, etc., R. Co.,* 91 N. Y. 420.

The decisions made and the expressions used in the cases cited must be taken in connection with the facts then before the court. Thus limited, they do not determine the question at bar. In each instance the traveler was approaching a railroad track, which in itself was a warning of danger, and charged him with a corresponding duty.

There is no finding or evidence tending to show negligence on the part of decedent, unless in his failure to discover and avoid the approaching team. In other words, the negligence with which he is charged consists of the failure to discover the danger of which in the cases cited the railroad track gave notice. His acts and omissions must be regarded with reference to certain well settled principles of law. He was not bound to turn either to the one side or the other. Elliott on Roads and St. (2nd ed.), §833; Angell on Highways (3rd ed.), §340; Shearman & Redfield on Neg. (5th ed.), §652.

He had a right to assume that approaching teams were in the hands of competent drivers; that horses would not be improperly driven along the street. *Stringer* v. *Frost,* 116 Ind. 477, 480, 2 L. R. A. 614, 9 Am. St. 875; *Birkett* v.

*Knickerbocker Ice Co.,* 110 N. Y. 504, 18 N. E. 108; *Shea* v. *Reems,* 36 La. Ann. 966.

He was not negligent in failing to look for danger if under the surrounding circumstances he had no reason to apprehend it. Beach on Cont. Neg. §38; *Langan* v. *St. Louis, etc., R. Co.,* 72 Mo. 392; *Miller* v. *Terre Haute, etc., R. Co.,* 144 Ind. 323, 328; 7 Am. & Eng. Ency of Law (2nd ed.), 392, note 1.

Whether he did have reason to apprehend danger was a question of fact in the case. Questions of fact, where there is room for difference between reasonable men, must be determined by the jury. *Cleveland, etc., R. Co.* v. *Harrington,* 131 Ind. 426, 433; *Louisville, etc., R. Co.* v. *Williams,* 20 Ind. App. 576.

Neither will it do to say that one who shows himself to have been upon a public highway in a proper conveyance, conducting himself in a proper manner, and in nowise interfering with any other person, has introduced no evidence tending to show himself free from negligence, when he sues to recover damages caused by the negligence of another. He was not bound to look behind him. "The court in substance told the jury that it was for them to say whether the circumstances were such that the defendant in the exercise of reasonable care should have looked behind or sidewise, and the jury by their verdict have found that they were not. The jury have settled the facts against the plaintiff." *Rand* v. *Syms,* 162 Mass. 163, 38 N. E. 196; *Moulton* v. *Aldrich,* 28 Kan. 300, 309; *Meserve* v. *Lockett,* 161 Mass. 332, 37 N. E. 310. The motion for judgment on the interrogatories and their answers, and the motion for a new trial, so far as it involves the question considered, were correctly overruled.

The driver of the team was called as a witness by the appellee, and testified that he had driven one of the horses that ran away about twelve or fourteen months, had driven him a good deal about the city and its suburbs. That "he

never made a wrong move while I drove him." He was then asked, the question being by the court allowed only by way of impeachment, if he had not theretofore at stated times and places made statements to various persons named, to the effect that the horse was a treacherous devil and would run away upon the least chance. The witness answered by saying, "Not that I remember of." A number of witnesses were thereafter introduced and allowed to testify to the making of such statements by the witness.

Section 515 Burns 1894 provides that a party may contradict his own witness by other evidence, and by showing that he has made statements different from his present testimony. This right is limited to those cases in which the witness has testified to some fact prejudicial to the party calling him, and does not apply when the witness has merely failed to testify to such facts as he is called to prove. *Hull* v. *State, ex rel.,* 93 Ind. 128.

It may be doubtful whether a party who calls an adverse witness upon the strength of statements made by the witness to third persons, and fails to elicit any testimony upon the subject, comes within the reason of the exception, but the witness did testify affirmatively to the prejudice of the party calling him. There was, therefore, no error in allowing the impeachment.

Judgment affirmed.