State v. Thornhill.

THE STATE v. THORNHILL, Appellant.

Division Two, November 17, 1903.

1. **Conflicting Evidence:** PROVINCE OF JURY. Where the evidence, which is conflicting, is sufficient to support the verdict, the appellate court will not interfere with the finding of the jury whose province it is to pass upon the credibility of the witnesses and the weight to be attached to their testimony.

2. **Instruction:** REFUSED: PRINCIPLES ALREADY COVERED. It is not error to refuse an instruction asked by defendant when there has already been given an instruction embodying substantially the same declarations.

3. **Assault:** CLOTHES IN EVIDENCE: ORDER OF ADMITTING TESTIMONY: TRIAL COURT'S DISCRETION. The order of admitting testimony is largely a matter within the discretion of the trial court. Where, in a prosecution for assault the court, over defendant's objection, after the State has closed its case, admits in evidence the clothes worn by the prosecuting witness, such action of the court will not be held reversible error, since defendant was not injured thereby, though the better practice would have been to introduce them as evidence in chief.

4. **Witness:** INTEREST IN CAUSE: PREVENTING WITNESSES FROM TESTIFYING: CROSS-EXAMINATION. The jury has a right to know both the relation of a witness to, and his interest in, the cause. And to ascertain the extent of his feeling and interest, it is proper to

question him as to his efforts to prevent witnesses from testifying. Such an inquiry is legitimate cross-examination, tending to affect the credibility of the witness.

5. **Assault:** RES GESTAE. Everything done and said at the time of an assault, including who did it and what they said, constitutes a part of the *res gestae*, and is properly admitted in evidence.

Appeal from Wright Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Frink, McClellan & Schuck* for appellant.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

(1) Instruction numbered one, asked by the defendant, was properly refused, because the principles declared therein had already been covered in the instructions given to the jury. (2) While it would have been better practice for the State to have introduced the clothes worn by the prosecuting witness at the time of the affray as evidence in chief, yet this was a matter resting in the sound discrimination of the trial court.

FOX, J.—The defendant in this case was charged with a felonious assault made upon one Joe Broyles, on the 24th day of December, 1901, in Wright county, Missouri.

The evidence tends to show that the defendant, the prosecuting witness and a number of other persons had congregated at the Nation schoolhouse in Wright county, on the evening before Christmas, for the purpose of attending literary exercises being conducted there, and for the purpose of observing the distribution of presents from a Christmas tree. The defendant and those with whom he came, and who remained at the entertainment after he left, were somewhat under the

influence of liquor and he had not been long in the house when he began to talk loudly and rudely, and the constable of the township requested one John Phillips, who was a friend of defendant, to urge the defendant to remain quiet or leave the house. It seems that the defendant and the prosecuting witness had some words, called for, probably, on account of the somewhat boisterous conduct of the defendant. The friend of the defendant asked him to leave the room, which the defendant did. He had scarcely left the building when the prosecuting witness in this case also left. The prosecuting witness states that it was his intention to go home.

The evidence on behalf of the State tends to show that as soon as the prosecuting witness stepped outside the door where the defendant and his friend Phillips then were, the defendant, without provocation or excuse of any kind, began striking the prosecuting witness with a knife, inflicting some wounds on the body of the prosecuting witness, which bled profusely. The testimony on behalf of the defendant tends to show that when the prosecuting witness came out of the house he reached in his pocket and drew forth a knife and assaulted the defendant, and that thereupon the defendant drew his own knife, and that whatever injuries he inflicted upon the prosecuting witness he inflicted in the necessary and proper defense of his person. It is further shown on behalf of defendant that the prosecuting witness had a pistol in his pocket at the time, but there is no evidence tending to show that the prosecuting witness removed the pistol from his pocket, during the difficulty; one witness states that Broyles drew his pistol partly out of his pocket, as he started out of the door. The defendant was not wounded, notwithstanding the violent assault which he says the prosecuting witness made upon him.

Upon the testimony, as introduced, the court fully instructed the jury, and they returned a verdict of

guilty, fixing the punishment at two years in the penitentiary. From this judgment of conviction, the defendant appeals.

The appellant in this cause has failed to file in this court any statement, brief or assignment of errors, suggestive of any errors committed by the trial court; hence, we are left to an examination of the record to ascertain what was done in the disposition of this cause. We have given the record a careful examination, and find that the testimony detailing this difficulty, which resulted in the wounding of the prosecuting witness at a Christmas tree entertainment, is no exception to the general rule—it is conflicting. The State introduced the prosecuting witness, together with a number of other witnesses, whose testimony fully supported the charge contained in the information; on the other hand, the defendant was introduced, and a number of other witnesses, whose evidence fully supports the defense made in this cause—that of necessary self-defense.

Upon an examination of the testimony, as detailed by the witnesses, it is apparent that the evidence preponderates on the part of the State; however that may be, this court will not undertake to settle the conflict. It was amply sufficient to support the verdict, and it was the province of the jury, who had the witnesses all before them, to pass upon their credibility, and the weight to be attached to their testimony.

The information charging the offense is in due form and fully accords with the approved precedents by this court.

At the close of the evidence, the court fully and fairly presented the case to the jury by instructions which are in harmony with the rules announced by this court as applicable to cases of this character.

The defendant, by his counsel, at the close of the evidence, asked the court to give the following instruction: "Although you may believe from the evidence that John Phillips and Andy Thornhill, or either of

them, struck at or stabbed said Joe Broyles, yet this should not be considered by you in determining the guilt or innocence of defendant on trial unless you also believe that such attack by said Phillips and said Andy Thornhill, if you find they, or either of them, made such attack, was made pursuant to previous agreement or understanding with said defendant on trial;" which the court declined to give and this action of the court is properly preserved in the record, and is urged as error.

It will be observed that the court, in the qualification to instruction No. 1, given in this cause, substantially directed the jury, as requested in this refused instruction. The jury were told, in that qualification: "If, however, defendant and such other person or persons were not acting together with a common purpose to take the life of Broyles or do him some great bodily harm and with the intent to assist each other in accomplishing such purpose, then defendant would not be responsible for the acts of such other person or persons even though they may have also cut and stabbed Broyles at the same time that defendant did so."

The proposition contended for in the refused instruction was fully covered in instruction No. 1. Hence, there was no necessity to repeat, substantially, the same declaration. The action of the court in refusing said instruction was proper, and is fully supported by the authority, which is so well understood that it is unnecessary to cite it.

Numerous objections and exceptions are preserved to the admission and rejection of testimony in this cause.

The appellant, in his motion for new trial, has designated, with particularity, some of the errors complained of in this respect. Doubtless, these are regarded as the most serious, and we will treat them in their order. The motion asserts as reasons for a new trial, among others, the following: "Because the

court erred in admitting the introduction of the clothes, coat and shirt of witness Broyles after the State had closed its case, over the objection of defendant.'' It is true the record discloses that after the close of the case, but before the final submission of it to the jury, the State offered the clothes worn by prosecuting witness on the night of the difficulty, in evidence. Was this error? In our opinion, it was not.

The record discloses that during the progress of the trial, and at the appropriate time, the witnesses were questioned as to the clothes. They were identified; their condition in every minute particular was inquired about, and the only error complained of is the actual exhibition of the clothes to the jury, after the State had closed its case. This clearly was a matter in the discretion of the court. While, perhaps, it would be more in harmony with regularity to have introduced them in chief when the witnesses were testifying about them, we are unable to conclude that the presentation of them, as was done in this case, operated any injury to the appellant.

Our attention is next directed to the complaint in the motion for new trial, in the fourth clause, where it is said: ''Because the court erred in permitting the witness, Phillips, to testify as to him, Phillips, talking to one of the State's witnesses about leaving the country to the prejudice of this defendant.'' The record in this cause shows that Phillips was introduced as a witness for the defendant. The testimony on the part of the State connects him directly with this difficulty. Doubtless this objection has reference to the cross-examination of Phillips, in which the State sought to show that Phillips undertook to have the State's witness, Peter Helsley, avoid appearing to testify as a witness relative to this difficulty. The jury had the right to know, not only the relation of this witness to the case, but also his interest in the cause, and as indicating his feeling, anxiety and interest in the cause, the inquiry was per-

tinent and entirely appropriate, as to any efforts to prevent witnesses from testifying. This was legitimate cross-examination, tending to affect the credibility of the witness. Furthermore, that the jury might not be misled by the testimony and misapply it, the court told the jury in instruction No. 8, that, "The testimony in relation to the conduct of John Phillips and Andy Thornhill, or either of them, in trying to induce witness Helsley to avoid subpoena and not attend court as a witness, should not be considered by you as any evidence of the guilt of the defendant, Lee Thornhill, but you may take it into consideration in weighing the testimony of John Phillips." This examination of Phillips was entirely proper and this contention must be ruled against the appellant.

It is next urged that the admission of testimony all through the trial, as to what Phillips (who is not on trial), did, was error. We are unable to see how this constitutes error, or how the court, in the trial of this defendant, could separate and divide the details of one transaction. Everything that was done at the time of the difficulty, including who did it and what they said, constitutes a part of the *res gestae* and under the undisputed rules of evidence, was competent, and the action of the trial court in admitting all the details connected with this alleged assault was appropriate and correct.

Upon examination of this entire record in this cause, we find no substantial merit to the objections and exceptions preserved by the appellant.

We have carefully read the testimony upon which this verdict is based, and find that it fully supports the conclusions of the jury. The instructions fully presented every phase of this case, warranted by the testimony. The defendant had a fair and impartial trial, before a jury of the county in which the offense is charged to have been committed, and we decline to interfere with their finding.

The judgment will be affirmed. All concur, except *Burgess, J.,* absent.