JOHN H. BRISCOE, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 4, 1906.**

1. **EVIDENCE: Witness's Interest: Claim for Attendance: Jury.** The jury are the exclusive judges of the credibility of the evidence and it is highly necessary that they should know of any questionable conduct of the witness in relation to the case; and so evidence relating to his overclaim or agreement with the party's attorney to make an overclaim of attendance is proper to go to the jury.

2. **NEGLIGENCE: Pleading: Instruction: Departure.** A petition for negligence resulting in injury to a passenger did mention in one part thereof a lack of care in maintaining the car, but such allegaton was entirely disconnected from the charge of negligence. *Held*, an instruction permitting a recovery on the failure to maintain the car was a fatal departure.

Appeal from Jackson Circuit Court.—*Hon. Andrew F. Evans*, Judge.

REVERSED AND REMANDED.

*John H. Lucas* for appellant.

(1)   The trial court refused to admit competent evidence. It has always been competent to show the interest of the witness and the motions which might influence him to testify more or less favorably to the one side than the other. This was denied to the defendant in this case and such denial was error. R. S. 1899, sec. 3260; Veidt v. Railroad, 109 Mo. App. 104; Carp v. Ins. Co., 104 Mo. App. 517; State v. Thornhill, 177 Mo. 696; Koenig v. Depot Co., 175 Mo. 715; State v. Pruett, 144 Mo. 94.   (2)   The trial court erred in giving instructions requested by respondent.   Moorehead v. Railroad, 17 Ohio 353; People v. Railroad, 176 Ill. 512; Heinzle v. Railroad, 182 Mo. 559; Chitty v. Railroad,

148 Mo. 74; Jackson v. Transit Co., 106 Mo. App. 384; Goetz v. Railroad, 50 Mo. 474; Boyd v. Transit Co., 108 Mo. App. 306; Berryman v. Cox, 73 Mo. App. 72; Babb v. Granite Co., 41 Mo. App. 648; Norton v. Railroad, 40 Mo. App. 647; Stafford v. Adams, 88 S. W. 1132; Edwards v. Railroad, 79 Mo. App. 259; Christian v. Ins. Co., 143 Mo. 469; Dougherty v. Railroad, 97 Mo. 667; Freeman v. Railroad, 95 Mo. App. 101-2; Henry v. Railroad, 113 Mo. 534-7; Feary v. Railroad, 162 Mo. 99; Maxey v. Railroad, 95 Mo. App. 309; Gilson v. Railroad, 76 Mo. 282.

*T. B. Bucker, Bird & 'Pope* and *T. J. Madden* for respondent.

Submitted an argument.

ELLISON, J.—The plaintiff received personal injury while riding on one of defendant's street railway cable cars as a passenger. He recovered judgment in the trial court. A statement of the nature of the injury or the amount of recovery will be of no service in understanding our conclusions which relate alone to errors alleged to have been committed during the progress of the trial.

It appears that there had been a former trial of the cause in which a witness appeared and gave material evidence in behalf of the plaintiff. He again appeared at the trial resulting in the present judgment and again gave important evidence for plaintiff. Defendant charges the witness was a partisan for plaintiff and at the former trial he attended court only three days, but that by an arrangement with counsel he was to make claim for sixteen days' attendance and that in pursuance of such understanding, after he had testified and was in the act of leaving the stand to go to the

clerk's office to claim his attendance, counsel handed him a piece of paper upon which was written the words and figures "16 days." Plaintiff denies there was any improper purpose in what occurred and that the inferences drawn by defendant are unwarranted. The court sustained an objection to defendant's offer of proof of its charge. The defendant asked this witness on cross-examination for how many days he had claimed attendance at the former trial and he answered, three. He then asked him how many days he was instructed to claim for by plaintiff's counsel. An objection was sustained to this. Defendant then asked the following: "Had you been instructed to claim for sixteen days and did you not intend to claim for sixteen days up to the time that Mr. Hadley (defendant's counsel) discovered a piece of paper that had been written bearing the number of this case and "16 days" written upon it, handed to you by the attorney in this case? Didn't you intend to go downstairs and claim for sixteen days when you had only been here three days? A. That paper wasn't handed me. Counsel objected to any inquiry of that kind — that it would be wholly improper. It has nothing to do with the case and it is asked for the purpose of prejudicing the jury. The objection was by the court sustained." The offer to the same effect was again ruled out on plaintiff's objection.

We regard the ruling as erroneous. Juries are the exclusive judges of the credibility of evidence and to the end that they may not make the mistake of placing implicit confidence where mistrust should exist, it is highly necessary that they should know of any questionable conduct of the witness in relation to the cause. Especially should they know of anything which would have a tendency to show his interest in the result, or which might in other ways lead him to give false, or colorable testimony. In writing on this subject in the case of State v. Thornhill, 177 Mo. 691, 696, Judge Fox stated that "The jury had the right to know, not only

the relation of the witness to the case, but also his interest in the cause, and as indicating his feeling, anxiety and interest in the cause, the inquiry was pertinent and entirely appropriate as to any efforts to prevent witnesses from testifying." [See also Carp v. Ins. Co., 104 Mo. App. 502.]

The negligence alleged as the cause of the injury received by plaintiff is particularly set forth in the petition and did not include maintaining the car. Yet in an instruction given at plaintiff's instance, the jury were authorized to put defendant's negligence on the ground that it did not properly maintain the car. It is a fundamental rule that the ground of negligence is restricted to that charged and if enlarged by an instruction it is substantial error working a reversal of the judgment. [Heinzle v. Railway, 182 Mo. 528, 559; Chitty v. Railway, 148 Mo. 64, 74.] Plaintiff in answer to this part of defendant's objection to the trial states that the objection is only true as to one part of his petition; that in other places he did charge a lack of maintaining the car. We find that he did allege it was defendant's duty to maintain the car, but that allegation was entirely disconnected from the charge of negligence. When he came to state the defendant's guilt, the cause of plaintiff's injury, he did not include maintaining.

As the case is to be retried, the cause of the criticism on instructions three and five can be avoided.

The judgment is reversed and the cause is remanded. All concur.