## BLUM v. STATE OF INDIANA.

[No. 24,279. Filed June 12, 1925. Rehearing denied November 6, 1925.]

1. RECEIVING STOLEN GOODS.—*Affidavit charging buying and receiving stolen goods held sufficient, although it did not state their value.*—An affidavit charging receiving stolen goods that alleged that on a certain day in a certain county of this state, specified goods of a person named were stolen and that accused "then and there" bought them, knowing them to be stolen, is sufficient on a motion in arrest of judgment, although it did not state the value of the goods, as such value was not of the essence of the offense. p. 676.

2. CRIMINAL LAW.—*Misconduct of counsel in argument can only be presented for review on appeal by bill of exceptions and cannot be presented by affidavits in support of motion for a new trial.*—Misconduct of counsel in the argument can only be presented for review on appeal by a bill of exceptions setting out the acts of misconduct, which bill is duly approved by the trial judge and filed, and cannot be shown by affidavits in support of the motion for a new trial. p. 677.

3. CRIMINAL LAW.—*Testimony of accomplice is competent, and, if believed, is sufficient to sustain a conviction.*—Under the provision of §2267 Burns 1926, §2111 Burns 1914, Acts 1905 p. 584, §235, the testimony of an accomplice is competent, and, if believed by the jury, may be sufficient to justify a conviction. p. 678.

4. RECEIVING STOLEN GOODS.—*Evidence held sufficient to sustain conviction of buying tires that had been stolen.*—Evidence held sufficient to sustain a conviction of knowingly buying tires that had been stolen. p. 678.

5. WITNESSES.—*State may impeach own witness by showing contradictory statements out of court.*—In a criminal prosecution, where the testimony of a witness for the state is prejudicial to the prosecution, the state may, under the provisions of §562 Burns 1926, §531 Burns 1914, show that he had made statements to the contrary. p. 678.

6. CRIMINAL LAW.—*Conversation of wife of accused, in absence of her husband, not competent evidence of his guilt.*—Except when used by way of impeachment, a conversation of a wife of the accused, in the absence of her husband, is not competent as evidence of his guilt. p. 679.

7. WITNESSES.—*Witness can only be impeached by proof of statements made out of court contrary to his testimony on cross-examination when facts of impeaching statements would be competent and material.*—A witness can only be impeached

by proof of statements made out of court contrary to his testimony on cross-examination when the facts in the statements offered for impeachment would be competent and material if testified to. p. 679.

8. WITNESSES.—*Rule as to impeachment of interested or hostile witnesses stated.*—The fact that a witness is interested in the matter on trial or is hostile to one of the parties is material and not collateral, and where a witness has been cross-examined as to statements made and things done by him which evidenced an interest in the case or hostility to a party, and has denied such interest or hostility, he may be contradicted by evidence that he made the statements or did the acts inquired about. p. 679.

9. CRIMINAL LAW.—*Impeachment of wife of accused who, on cross-examination, denied having telephone conversation in his behalf, by showing that conversation took place, was proper.*— In a prosecution for knowingly buying stolen tires, where accused's wife testified in his behalf and, on cross-examination, denied a telephone conversation, just after his arrest, to the effect that they had got into trouble over the tires, and asked other party to help them out, testimony of party to whom wife talked that conversation did take place as stated in the question, was proper. p. 679.

10. CRIMINAL LAW.—*Presumption that proper instructions were given, in absence of instructions from the record.*—Where the instructions are not in the record, it must be presumed on appeal that proper instructions were given. p. 681.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Phillip Blum was convicted of buying stolen goods, and he appeals. *Affirmed.*

*Evans & DeWitt* and *Robert S. Hunter,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *George R. Jeffrey,* for the State.

EWBANK, J.—The affidavit on which appellant was tried charged that "a person to affiant unknown on the 1st day of November, 1922, at and in the county of Henry and State of Indiana did then and there feloniously take, steal and carry away twenty tires of the personal goods of Don Mowrer, and Phillip

Blum did then and there feloniously buy, conceal and aid in the concealment of said property he, the said Phillip Blum then and there well knowing the same to have been feloniously stolen," etc. A motion in arrest of judgment for the alleged reason that the affidavit did not state a public offense was overruled, and appellant excepted. But we think it sufficiently charged that the defendant bought the tires in Henry county and concealed them in that county, and that they were stolen property. Their value was not of the essence of the offense sought to be charged. §2225 Burns 1926, §2063, subd. 9, Burns 1914, §192, ch. 169, Acts 1905 p. 584. Overruling the motion in arrest of judgment was not reversible error.

Appellant filed a motion for a new trial for certain alleged reasons, including the alleged facts that the verdict was not sustained by sufficient evidence, that the trial court erred in admitting certain evidence, and that counsel for the state was guilty of misconduct in making certain statements in argument. Affidavits were filed with the motion for a new trial charging that in the argument counsel for the state called on the jury to examine a check that was not introduced in evidence, and stated that he thought appellant had erased the word "tires" from it; that he told the jury that the principal witness for the state, who was under indictment, was "going to plead guilty," and stated that another witness would "be taken back to the penitentiary in the morning," of all of which there was no evidence. But there is no bill of exceptions showing that any of those things occurred. And this court can receive information of what occurred in open court only from statements in the record as made up of entries by the clerk, and bills of exceptions certified by the judge and duly filed; not from motions and affidavits. The facts relied on by appellant not being suffi-

ciently shown, any alleged misconduct of counsel, however gross, is not available as error.

The evidence tending to prove that appellant concealed the stolen tires in Henry county, as alleged, was given by the witness Underwood, who testified 3, 4. that appellant bought them in Delaware county at a very low price, and received them after night from where they were piled in a fence corner out in the country, and that he brought them to Newcastle and "drove in on 23d street and along the railroad to the far end of this old building and took the tires into this large building"; and by the witness Jaffe, to whom the tires were delivered at Richmond, Indiana, who testified that appellant showed him the tires in a back room of his junk shop at Twenty-fourth street and the Pennsylvania tracks, where there used to be a foundry, in Newcastle, Henry county, Indiana, and that appellant there sold him the tires, and afterward delivered them to him at Richmond. Underwood and Jaffee were both under indictment, one for stealing these same tires, and the other for receiving them in Wayne county, with knowledge that they were stolen, respectively; but the testimony of accomplices is competent evidence, and, if believed by the jury, may be sufficient to justify a verdict of guilty. §2267 Burns 1926, §2111 Burns 1914, §235, ch. 168, Acts 1905 p. 584; *Johnson* v. *State* (1879), 65 Ind. 269, 271; *Schuster* v. *State* (1912), 178 Ind. 320, 322, 99 N. E. 423. We cannot reverse the judgment for lack of sufficient evidence to sustain the verdict.

Underwood testified that he drove up to Muncie in his automobile with appellant, and there repaired an automobile for Howard Goar at the home of James 5. Carr, and that appellant sat in his machine near by for an hour while witness was making the repairs, and while James Carr, Howard Goar and a

lady were there; and that, at that time, Goar went over to the car he was in and talked to appellant, and that later the same evening, appellant bought the tires from Goar, and that appellant and witness drove out of Muncie with the tires in the car belonging to witness in which they had ridden up there. James Carr was called by the state as a witness and examined by the prosecuting attorney, when he testified that at the time the automobile was repaired for Goar at his home, there was nobody with Underwood and nobody in his car, and that Goar did not go over to it and say anything to appellant. In rebuttal, the chief of police of Newcastle was called by the state, and over an objection and exception was permitted to testify that on the day when he "brought James Carr back from Muncie," Carr made the statement that while Underwood was working on Howard Goar's automobile, he saw a man in Underwood's car. The only objection offered was that it was an attempt by the state to impeach its own witness. There was no error in this. Under the theory of the prosecution, appellant's presence in Muncie that night was a fact of importance, and the only witness who testified that he was there had testified that he sat in Underwood's car while the other car was being repaired. The testimony of Carr that he did not do so was prejudicial to the state, and gave it the right to show by way of impeachment that he had made a statement to the contrary. §562 Burns 1926, §531 Burns 1914, §507 R. S. 1881; *Conway* v. *State* (1889), 118 Ind. 482, 21 N. E. 285; *Adams* v. *State* (1901), 156 Ind. 596, 59 N. E. 25; *Scofield* v. *Myers* (1901), 27 Ind. App. 375, 60 N. E. 1005.

6-9. Appellant's own testimony was that he went to Richmond with Underwood, a negro, but that Underwood sold the tires to Jaffe, and received all of the money, and that he (appellant) merely let

Underwood use his automobile to carry them over. Appellant's wife testified as a witness in his behalf, and, on cross-examination by the prosecuting attorney, she was asked if she had talked with Mrs. Jaffe since her husband was arrested, and whether, on the night that he was arrested, she had called Mrs. Jaffe on the long distance telephone and said to her, in substance, that "We got into trouble over those tires and we want you to help us out. Will you stand behind us and say you bought them of the negro." To each question asked on cross-examination, appellant's wife answered in the negative. Mrs. Jaffe was called as a witness in rebuttal, and, over an objection, was permitted to testify that, on the night of the arrest, she was called over the telephone by a woman whose voice she recognized and who said she was Mrs. Blum, who then made the statement and request over the telephone substantially as above set out. Of course, a conversation that the wife may have had in the absence of her husband, after he had been arrested and put in jail for a past offense, could not be competent as evidence of his guilt. And it is a well-established rule that a witness can only be impeached by proof of statements made out of court contrary to his testimony given on cross-examination when the facts so stated of which proof is offered would be competent and material if testified to. *Johnson* v. *Samuels* (1917), 186 Ind. 56, 65, 114 N. E. 977; *Neal* v. *State* (1912), 178 Ind. 154, 156, 98 N. E. 872. But the courts of this state, as well as in many other jurisdictions, hold that the interest of a witness, or his hostility to one of the parties, is material, and not merely collateral; and that where a witness has been cross-examined as to what he said or did which evidenced an interest in the case or hostility to a party, and has denied such interest or hostility, he may be contradicted by evidence that he made the statements or

did the acts thus inquired about. *Scott* v. *State* (1878), 64 Ind. 400, 402; *Johnson* v. *Wiley* (1881), 74 Ind. 233, 239; *Ford* v. *State* (1887), 112 Ind. 373, 384, 14 N. E. 241; *Skinner* v. *State* (1889), 120 Ind. 127, 133, 22 N. E. 115; *Staser* v. *Hogan* (1889), 120 Ind. 207, 220, 21 N. E. 911; *Cook* v. *State* (1907), 169 Ind. 430, 439, 440, 82 N. E. 1047; *Young* v. *State* (1923), 194 Ind. 345, 348, 141 N. E. 629; *Robertson* v. *McPherson* (1892), 4 Ind. App. 595, 598, 31 N. E. 478; *Schultz* v. *Third Avenue Railroad Co.* (1882), 89 N. Y. 248, and authorities cited; *State* v. *Thornhill* (1903), 177 Mo. 691, 76 S. W. 948; *First Bank of Springtown* v. *Hill* (1912), 151 S. W. (Tex. Civ. App.) 652; 2 Wigmore, Evidence (2d ed.) §690; 1 Greenleaf, Evidence (15th ed.) §450.

No attempt has been made to bring the instructions into the record, and, in the absence of any showing to the contrary, we must presume that the court, by 10. proper instructions, duly limited the consideration of this evidence by the jury to the subject of the credibility of the witness against whom it was directed. As so limited, its admission was not reversible error.

The judgment is affirmed.