## WILLETT ET AL. *v.* HALL ET AL.

[No. 14,230.   Filed February 25, 1932.   Rehearing denied July 28, 1932.   Transfer denied June 13, 1933.]

*Charles T. Hanna, Thomas A. Daily, Wilson S. Daily* and *Roy W. Adney,* for appellants.

*Ralph Kane, W. H. Parr, W. H. Parr, Jr., Frank C. Groninger, Taylor E. Groninger* and *Kane, Blain & Hollowell,* for appellees.

LOCKYEAR, J.—The complaint in this action is to contest and set aside the probate of the will of Caroline Sharp Wise, deceased, on the grounds of: (1) unsoundness of mind of the testatrix; (2) that the will was unduly executed; (3) that the will was executed under duress; (4) that the will was obtained by undue influence; and (5) that the will was obtained by fraud. The defendants, Elizabeth A. Hall and Elizabeth A. Hall, executrix of the last will and testament of Caroline Sharp Wise, deceased, filed an answer in general denial to the complaint. The case was submitted to a jury for trial, with a verdict for the defendants, thereby upholding the probate of said will and judgment was rendered in harmony with the verdict. Plaintiffs filed a motion for a new trial, which was overruled, and which ruling is the only error assigned for reversal.

It is set out in the motion for a new trial that Elizabeth A. Hall, the sole legatee under the will in question, had testified to certain facts concerning the testatrix and from those facts had given her opinion that the testatrix was of sound mind at the time of the execution of the will. The witness was then asked whether she had or had not made the statement at a certain definite time and place (the circumstances under which it was supposed to have been said being detailed in the question), in answer to a question by one Emma Hall, "How is Aunt Carrie?" answered and said "She is in a very bad condition and isn't able to transact any business. She is gradually losing her mind and I am going to take Aunt Carrie from the hospital to my home. Aunt Carrie

doesn't know about any grain raised on the farm in 1925, the year before she was hurt." The witness denied making the statement or making any statement of that substance. The appellants offered to prove, by a competent witness, that she had made the statements as above set out, to which an objection was made by the appellees and sustained by the court, and the question of the court's ruling thereon is properly before us in the motion for a new trial.

Section 277, Acts 1877, p. 61, §552, Burns 1926, provides that "In all suits by or against heirs or devisees, founded on contract with, or demand against, the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

It was held in *Lamb* v. *Lamb* (1886), 105 Ind. 456, 5 N. E. 171, that the above statute does not prohibit parties from testifying in such a case as this as to the mental capacity of the testator. When the witness has testified as to the mental capacity of the testatrix, can such witness be impeached as in other cases?

In a leading case, *Stacer* v. *Hogan* (1889), 120 Ind. 209, 21 N. E. 911, 22 N. E. 990, where a son of the deceased was asked an impeaching question as follows: "Did you not say to Fred, 'I have got to leave home; it is owing to pa, he is going crazy?'" which he denied, and a witness was allowed to testify that the son and devisee under the will did make the statement as above set out, together with other statements of like character. The court held that such impeaching evidence was admissable. The same rule is followed in the case of *Swygart* v. *Willard* (1906), 166 Ind. 25, 33, 76 N. E. 755.

It is reversible error for the court to refuse a party the right to propound an impeaching question concerning a matter germaine to the issue. In this case, the most vital question involved was the soundness of mind of the testatrix, and it was reversible error to refuse to permit the appellant to ask the impeaching question. See *Johnson* v. *Wiley* (1881), 74 Ind. 233; *Blum* v. *State* (1925), 196 Ind. 675, 148 N. E. 193.

Error is also assigned in that the court refused to give certain instructions tendered by appellant and certain other instructions given by the court to the jury. From an examination of the instructions given we are of the opinion that no reversible error was committed in giving of the instructions. It is sufficient to say that since the judgment must be reversed on account of the refusing to admit proper evidence, we are unable to say what instructions will be proper under the evidence adduced at the next trial. We leave to the trial court to fully and fairly instruct the jury on all questions presented by the issues, upon which there is any competent evidence, to the end that both parties may have a fair trial.

Judgment reversed with instructions to grant appellants a new trial.

Kime, J., dissents.