**James SKAGGS, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 4-781A45.**

Court of Appeals of Indiana,
Fourth District.

Oct. 13, 1982.

---

Jeffrey C. Eggers, Roger Young, Franklin, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Ind., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ON PETITION FOR REHEARING

CONOVER, Judge.

In our original opinion in *Skaggs v. State,* (1982) Ind.App., 438 N.E.2d 301, we affirmed James Skaggs's conviction for child molesting, IC 35-42-4-3. Skaggs now files a petition for rehearing and raises one issue meriting further comment.

At trial Skaggs objected to the State's impeachment of its own witness. He argued IC 34-1-14-15 does not permit a party to impeach its own witness. That statute states:

> **Party producing not to impeach—Exception.**—The party producing a witness shall not be allowed to impeach his credit by evidence of bad character, unless it was indispensable that the party should produce him, or in case of manifest surprise, when the party shall have this right; but he may, in all cases, contradict him by other evidence, and by showing that he has made statements different from his present testimony.

Ind.Code 34-1-14-15.

The substance of this statute relates to the use of character evidence to impeach a witness. It is denominated an exception to the general rule stated at the end of the statute where it reads, "but he may, in all cases, contradict him by other evidence ...." Impeachment by contradictory evidence is permissible when a party's witness gives testimony prejudicial to the party calling the witness. *Blum v. State,* (1925) 196 Ind. 675, 148 N.E. 193. The trial court properly permitted the State to offer evidence impeaching a previously called witness.

The petition for rehearing is, in all other respects denied.

Miller, J., concurs.

SHIELDS, J. (sitting by designation), concurs.