CHARLES FENTON, PROSECUTOR, v. ATLANTIC CITY, RESPONDENT.

Submitted July 5, 1917—Decided September 17, 1917.

1. It is not an unreasonable exercise of police power by a city to require an abutting landowner to connect his buildings with a public sewer, notwithstanding he may already have a private sewer. The object of such a health code is the sanitary condition of dwellings, the prevention of disease, and the maintenance of public health, and this may be done by the prevention of nuisances as well as their abatement.
2. It is no answer to a prosecution for the violation of an ordinance requiring that adjacent buildings be connected with a public sewer, that it discharges in the same body of water as the private sewer, and an offer to prove that fact was properly overruled.
3. Anything injurious to public health may be a nuisance, and it is as much the duty of a board of health to prevent a condition likely to be detrimental to public health, as to abate it after its evil consequences appear.

---

On *certiorari* to review conviction of violation of health code of Atlantic City.

The facts applicable to this case, not disputed, are that defendant owns property in Atlantic City fronting on a street in which there is a sewer for the use of all property along it requiring the disposal of sewage matter; that the defendant's

property runs from this street to a body of water called "Thoroughfare;" that it requires sewage disposal facilities now afforded by a pipe from the buildings thereon, which empties in the Thoroughfare on defendant's land, distant over two hundred feet from the buildings; that the city has an ordinance requiring all property owners to connect buildings abutting on streets "on which a sewer is laid" within thirty days after notice by the health officer directing that such buildings be connected therewith; that defendant was given the proper notice and refused to connect his buildings with the sewer in the street, and that the sewer was constructed and maintained by a private corporation open to the use of property abutting the streets through which it was laid. The defendant was prosecuted for a violation of the ordinance and convicted, and thereupon the proceedings and judgment were brought here for review by a writ of *certiorari*.

Before Justices SWAYZE, BERGEN and BLACK.

For the prosecutor, *Clarence L. Cole.*

For the respondent, *Harry Wootton* and *Joseph B. Perskie.*

The opinion of the court was delivered by

BERGEN, J.   The first point made by the prosecutor in support of this writ is that the complaint does not allege that prosecutor was maintaining a nuisance.   It is not necessary that the health officer should wait until a nuisance existed and the public health put in jeopardy before requiring defendant to connect with the sewer.   It is within the reasonable exercise of police power to prevent disease by the enforcement of a proper sanitary regulation such as this.   It also appears in the record that when the question was raised by the prosecutor in the court below, counsel said: "We waive any question of the complaint being defective."   This disposes of the first objection adversely to the prosecutor.

It is next urged that it was error to overrule proof offered by the prosecutor that the refuse from the sewer was de-

posited in the same flow of water as that in which defendant was then discharging his sewage through his private pipe line.

This, we are of opinion, was properly overruled because the place of final deposit in no way affects the reasonableness of the requirement to connect with the sewer. It is the sanitary condition of the buildings required to be connected with the sewer which is the primary object, and this may well be better accomplished by a sewer under public inspection rather than by numerous sewers under private control, although all discharge in the same stream at different points. It is not a question where the disposal is to take place, but whether the requirement that all buildings abutting a sewer shall be connected with it is a reasonable one. We think that the required use by all adjacent property owners of a single sewer constructed on sanitary principles is not unreasonable, although such enforced use compels the abandonment of private sewers discharging in the same body of water, and that therefore it is immaterial where the public sewer empties, especially when, as in this case, the sanitary condition of the public sewer is not questioned.

The next point is that the place of deposit by prosecutor is beyond the limits of the city of Atlantic City. This we consider of no consequence. The buildings and a portion of defendant's pipe are within the city, and the health of the city depends upon the sanitary condition of the defendant's dwelling-house and private sewer within the city. The transportation of garbage by defendant through the city, if forbidden by ordinance, could not be justified upon the ground that he intended to deposit it beyond the city limits. What he now contends is that he may use private pipes, not subject to sanitary inspection, to carry garbage within the city with impunity because he deposits it beyond the city line.

We do not consider the proposition has any legal merit.

The only other point argued is that as the sewer belongs to a private corporation, and there being no proof that defendant is maintaining a nuisance, the sanitary code cannot be enforced against him. The prosecutor does not insist that if

he was maintaining a nuisance he could not be compelled to connect with the sewer, although maintained by a private corporation for public use, but rather that he should not be required to use it until it had been demonstrated that its non-use creates a nuisance. As we have said, in the earlier part of this opinion, it is a proper exercise of the police power in the interest of public health, as well as its duty, to prevent a condition likely to be detrimental to public health as much as it is to abate such condition after its evil consequences appear, and a board of health would meet with merited condemnation if it stood by and took no steps to provide, by the exercise of ordinary prudence, a sanitary condition which would prevent an epidemic of disease likely to grow out of known conditions.

Anything which is injurious to health may be a nuisance, and we cannot say that a private sewer over two hundred feet in length, used for sewage disposal, although used for a single dwelling, is not injurious to the public health, at least we cannot be so conclusively certain of it as to warrant us in saying that the action of the board of health in causing its abatement was erroneous.

The judgment will be affirmed, with costs.