MALES, MAYOR, ET AL. *v.* ELBERT.

[No. 25,259. Filed May 13, 1932.]

*Henry T. Hardin, Albert W. Funkhouser, Arthur F. Funkhouser* and *Robert D. Markel,* for appellants.

*Spencer, Ensle & Spencer,* for appellee.

TRAVIS, C. J.—This is a suit in equity brought by appellee against appellants, who are the mayor and superintendent of police respectively, of the city of Evansville. The action seeks to enjoin the enforcement of an ordinance of the city which regulates the business of electricians and requires a license of anyone pursuing that trade. The ordinance is long and need not be narrated here in its entirety, as the case will be decided on grounds not involved in the wording of the ordinance itself. Briefly, the ordinance makes it unlawful for any person to engage in the business of an electrician or an electrical contractor without first obtaining a license to do so from the city comptroller. The ordinance provides no penalty for failure to comply with its terms.

The only evidence given at the trial of the case was by way of stipulation entered into between the parties. This is short and is as follows:

"I. The plaintiff, Jesse Elbert, is and for five years last past has been a resident of the City of Evansville, Indiana, at all such times engaged in business as an electrician and electrical contractor in the City of Evansville, Indiana.

"II. That the defendant, Herbert Males, is and since the bringing of this action has been the regularly elected, qualified and acting Mayor of the City of Evansville, Indiana.

"III. That the defendant, Harry Anderson is the duly appointed, qualified and acting Superintendent of Police of the City of Evansville, Indiana.

"IV. That on March 15, 1926, the Common Council of the City of Evansville, Indiana, duly passed an ordinance of said City of Evansville, Indiana, and that said ordinance was thereafter and within the time allowed by law signed by the Mayor of the City of Evansville, and was thereafter published according to law, which ordinance is in the words and figures as follows: (Here the ordinance is set out in detail.)

"V. That since the passage of said ordinance, the plaintiff has continued in his business as an electrical contractor in the City of Evansville, Indiana, and has not applied for a license under said ordinance."

Upon this evidence, the lower court granted a permanent injunction against the appellants, enjoining them from requiring the appellee to pay a license fee as an electrical contractor, or from prosecuting him or interfering with his business because of his failure to have a license.

The errors are assigned upon the rulings of the lower court (a) in overruling appellants' demurrer to appellee's complaint, for want of sufficient facts to state a cause of action, and (b) overruling appellants' motion for a new trial, for the causes (1) that the decision of the court is not sustained by sufficient evidence, and, (2) that the decision of the court is contrary to law.

The sole ground for relief, as shown by the evidence, is that the ordinance sought to be enjoined is void and unconstitutional, as alleged in the complaint. No facts were proved showing that appellee was being threatened with a vexatious lawsuit, or that a multiplicity of lawsuits was threatened, or that appellee was suffering any irreparable injury from the

passage of the ordinance. In such a case, the rule of equity is clear that it will not enjoin the enforcement of an ordinance, because the whole question can be tried and determined in a law court, in a proper proceeding under the ordinance.

There being no criminal penalty in the ordinance, the appellee can raise all his defenses in any suit by the city to collect the license fees. Even if there were a penalty in the ordinance, equity would not interfere with a prosecution under it, on the sole ground that the ordinance is unconstitutional, for if it is such, appellee has a complete defense to the prosecution against him.

We believe that no case has been made for the interposition of a court of equity to determine the constitutionality of the law. *Princess Amusement Co.* v. *Metzger* (1907), 169 Ind. 376, 82 N. E. 758; *Hottinger* v. *City of New Orleans* (1890), 42 La. Ann. 629, 8 So. 575; *Boise Artesian, etc., Co.* v. *Boise City* (1909), 213 U. S. 276, 29 Sup. Ct. 426, 53 L. Ed. 796; *Paul* v. *City of Washington* (1904), 134 N. C. 363, 47 S. E. 793, 65 L. R. A. 902; 14 R. C. L. 439.

Appellants' demurrer to appellee's complaint should have been sustained. The judgment of the lower court will, therefore, be reversed, and the cause is ordered remanded to the trial court, with directions to dissolve the injunction granted and to sustain appellants' demurrer to appellee's complaint.