BRANDEL ET AL. *v.* THE CIVIL CITY OF LAWRENCEBURG ET AL.

[No. 31,010. Filed November 9, 1967.]

48

*Joseph Lancett,* of Lawrenceburg and *Bowen, Myers, Northam & Givan,* of Indianapolis, for appellants.

*Chester E. Bielby,* and *Bielby and Pfister,* of Lawrenceburg, *Wycoff and Greeman,* of counsel, of Batesville, for appellee.

ARTERBURN, J.—This is a class action instituted by the plaintiffs who are owners of taxable real estate in the City of Lawrenceburg, Indiana for themselves and others similarly situated, against the City of Lawrenceburg and others, alleging that a certain ordinance of the city is unconstitutional. The ordinance contains a charge for connecting to a newly constructed sewage system. It requires that the residents in certain areas abandon their present sewage systems and connect to a new one. They ask that the defendant city and its officials be restrained from attempting to enforce the ordinance.

After trial, the lower court denied the temporary injunction, from which judgment this appeal is taken. It appears from the evidence in the case that the City of Lawrenceburg, twenty-eight years or more ago, in the older part of the city, constructed a sewage system and a disposal plant; that thereafter, as new residential areas developed, the city added outlying districts and the sewage in such places was disposed of in most instances through septic tanks; that in 1962 a new sewage system serving outlying districts of the city was added to the old one and a new disposal plant was constructed, all for total costs of approximately three million dollars. This action is brought by persons representing residents within the area to be served by the new sewage system. The sewage system has already been constructed and is now in operation. A revenue bond issue was sold and an ordinance passed for the purpose of creating revenue to pay for such construction costs. This ordinance set a fee of $200.00 for those who connected to the new section of the sewage system and $62.50 for those connected to the old sewage system. It provided further after notice, for a 90-day period within which a property owner was required to make connections and a $100.00 a day penalty for a violation of said ordinance. Certain

stipulations were made in the trial court. One of these was: "It was further stipulated that plaintiff's main objection to connecting to the sewage system is the amount of tap-in charge."

It is claimed that the ordinance (No. 6-1962) of the City of Lawrenceburg is unconstitutional "for the reason that it sets unequal and discriminatory fees to the existing sewer system which varies from $62.50, plus an inspection fee of $5.00, to a fee of $200.00 . . ." It is further claimed that the ordinance is unconstitutional in that it imposes a penalty of $100.00 a day for each violation and that such penalty is excessive, and finally, that the ordinance is unconstitutional for it proposes to take property without compensation, namely, the right to use present septic tanks on the property owned by such property owners.

We find, after consideration of the briefs, that the main contention here, so far as constitutionality is concerned, centers about the right of the city to pass an ordinance making it mandatory for property owners in a certain area to connect to the sewage system of the city constructed for the use of said area and to pay a tax or assessment therefor.

The tax here involved, it should be noted, is not a benefit tax, but rather a use tax for the services of disposing of sewage from particular property. It is not a benefit tax for the reason that not all property in the area under the ordinance is required to pay the $200.00 fee. It is only such property as has sewage to be disposed of to which the tax is applicable. In other words, it is a tax for the use of disposing of sewage from particular property. Therefore we do not think that *Martin* v. *Ben Davis Conservancy District* (1958), 238 Ind. 502, 153 N. E. 2d 125 is applicable, since that involved a tax for a special benefit and not a use.

The appellants contend that the city has a right only after inspection to make a demand that a particular property be

connected with the sewage system, and the ordinance is unconstitutional if it applies to all property, regardless of a properly operating septic tank system.

It is argued that there is no evidence showing the particular plaintiffs below (appellants here) were creating or maintaining a nuisance in the use of their septic tanks, and therefore the ordinance could not constitutionally be applicable to them. We note in this connection that this is a class action for all in the area—not a private action by a party for specific injury or damage done to himself. There is evidence by witnesses and experts that in the area the septic tanks were creating a health hazard and there was considerable overflow and seepage therefrom. This, in our opinion, under the type of action brought, namely, on behalf of all persons in the area, is sufficient to support the trial court's refusal to grant the temporary injunction. Very early in this state it was held that a mandatory municipal garbage collection ordinance was valid. *Walker et al.* v. *Jameson* (1894), 140 Ind. 591.

This ordinance was based on the police power of the community and operated upon the premise that it was for the general health of those within the municipality.

This Court held to the same effect in a later case where it was contended that not all garbage from restaurants or kitchens was a health hazard, and such places should be exempt from an ordinance providing for mandatory collection of garbage under city supervision. *City of Indianapolis* v. *Ryan* (1937), 212 Ind. 447, 7 N. E. 2d 974.

In *Hutchinson* v. *City of Valdosta* (1912), 227 U. S. 303, 33 S. Ct. 290, 57 L. Ed. 520, it was stated:

> "It is the commonest exercise of police power of a state or city to provide for a system of sewers, and to compel property owners to connect therewith."

It seems to be well settled by a heavy weight of authority that municipalities have power to control the disposal of

garbage and sewage through a uniform system and without establishing that it is harmful to the general health when handled by any particular private individual in a given area. It has been said:

"A property owner cannot urge against the drainage system of the District that he has adopted a system of his own, and challenge a comparison with that of the District, and obey or disobey the law according to the result of that comparison. The contention virtually denies any power in Congress to create a system of drainage to which a lot owner must conform." *District of Columbia* v. *Brooke* (1909), 214 U. S. 138, 29 S. Ct. 560, 53 L. Ed. 941.

It would serve no purpose to quote from further cases, but we cite in support of this proposition: *Commonwealth* v. *Roberts* (1892), 155 Mass. 281, 29 N. E. 522; *Sanitary District No. 1 of Jefferson County* v. *Campbell* (1952), 249 S. W. 2d 767; *Fenton* v. *Atlantic City* (1917), 90 N. J. L. 403, 103 A. 695; *Farquhar* v. *Board of Sup'rs. of Fairfax County* (1954), 196 Va. 54, 82 S. E. 2d 577; *City of Nokomis* v. *Sullivan* (1958), 14 Ill. 2d 417, 153 N. E. 2d 48; 64 C. J. S., Municipal Corporation § 1805b, *Sewers, Drains and Water Courses;* 9 Am. Jur., *Buildings,* 210 § 14.

As to the charge that there is discrimination because those making connections in the new area to the new portion of the sewage system are paying more than those the city is charging $62.50 for connections to the old system, we find that there is a basis for such difference. The original cost of the older system was less and therefore the charges for its use would be less than the costs for the new system, and we find no grounds for overturning the court's finding, based on the evidence with reference to such charges.

We do not have before us a question as to the reasonableness of the penalty, since there is no showing that there has been any attempt to make a collection of the penalty. In view of cases that have been before us, the amount to be collected in a suit for the penalty would be sub-

ject to scrutiny as to its reasonableness in a suit brought therefor. *Town of Walkerton* v. *New York C. & St. Louis R. R. Co.* (1939), 215 Ind. 206, 18 N. E. 2d 799, cert. den. 308 U. S. 556, 60 S. Ct. 75, 84 L. Ed. 467; *Males, et al* v. *Elbert* (1931), 203 Ind. 512, 180 N. E. 193.

For the reasons stated, the judgment of the trial court is affirmed.

Hunter, C. J., and Lewis and Mote, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 230 N. E. 2d 778.