CITY OF GARY, LAKE COUNTY *v.* AYERS ET AL.

[No. 31,136. Filed June 20, 1968. Rehearing denied September 19, 1968.]

*Arnold Krevitz,* City Attorney, of Gary, *John J. Dillion,* Attorney General, *John F. Davis,* Deputy Attorney General, Attorneys Amicus Curiae for Indiana Civil Rights Commission, for appellant.

*Albert H. Gavit* and *Albert H. Gavit, Jr.,* of Gary, for appellee.

PER CURIAM.—This is an appeal from the granting of a temporary injunction by the Lake Superior Court, Room 5. The appellees brought the action as taxpayers of the City of Gary and property owners therein to enjoin the enforcement of an ordinance designed to eliminate discrimination in the sale, rental, leasing and financing of houses because of race, color, religion, national origin etc. The court, after hearing,

granted the temporary injunction to prohibit the enforcement of the ordinance of the City of Gary as against the real estate owners, brokers, salesmen and agents in the city, but denying relief asked in the enjoining of the expenditures of funds appropriated for the purpose of administering the ordinance.

The appeal is taken by the City of Gary as appellant and defendant below with respect to the enjoining or enforcement of the ordinance. We feel that one issue presented will dispose of this appeal, namely, that before equitable relief may be granted by any court there must be a showing of great and irreparable injury or damage to the plaintiff and that there is no adequate remedy at law.

We point out first that this is not an action for a declaratory judgment, nor do we have here any taxpayers' rights involved, since no appeal is taken from the court's denial of the temporary injunction with reference to the expenditures of money. We have only the question of whether or not a court of equity, under the circumstances and facts here, may enjoin the enforcement of an ordinance without a positive showing of irreparable injury or damage to the plaintiff.

An examination of the ordinance (as well as the oral argument before the court) discloses that it contains no definite penal provisions, although it is stated in the oral argument there are other ordinances which are not in the record before us which might be made the basis for the invocation of penalties. With that, however, we are not concerned since that record is not before us.

It was further urged in oral argument that harassment and threats are pending against property owners, brokers and real estate dealers and agents by reason of such ordinance. However, upon an inspection of the complaint, we find it makes no such allegations, and so far as we can determine there has been no evidence presented in the record showing such harassment or threats. In fact, one of the appellees testified:

"No official of the City of Gary has in any way expressed any threat to me with reference to violations of the ordinance that my complaint seeks to attack."

There is an absence of any evidence showing any irreparable injury to the appellees. Ordinary damages is a subject matter for the court of law, as distinguished from equity. Courts of equity as a general rule will not interfere to restrain criminal or quasi-criminal prosecutions or penalties nor take jurisdiction purely to determine the constitutionality of a statute where the party involved or the one bringing the suit can show no injury or damage resulting to him by reason of such law or ordinance. The legality or illegality of an ordinance or a law normally is a matter for the common law courts to determine—not courts of equity. Equity does not look with favor upon the enjoining of criminal prosecutions, but leaves such matters to courts of law. *Dept. of Financial Institutions* v. *Holt, etc.* (1952), 231 Ind. 293, 108 N. E. 2d 629; *Ratner, Tr. et al.* v. *City of Richmond, et al.* (1965), 136 Ind. App. 578, 201 N. E. 2d 49.

In *Males, Mayor* v. *Elbert* (1932), 203 Ind. 512, 514, 180 N. E. 193, 194, this Court stated:

"The sole ground for relief, as shown by the evidence, is that the ordinance sought to be enjoined is void and unconstitutional, as alleged in the complaint. No facts were proved showing that appellee was being threatened with a vexatious lawsuit, or that a multiplicity of lawsuits was threatened, or that appellee was suffering any irreparable injury from the passage of the ordinance. In such a case, the rule of equity is clear that it will not enjoin the enforcement of an ordinance, because the whole question can be tried and determined in a law court, in a proper proceeding under the ordinance.

"There being no criminal penalty in the ordinance, the appellee can raise all his defenses in any suit by the city to collect the license fees. Even if there were a penalty in the ordinance, equity would not interfere with a prosecution under it, on the sole ground that the ordinance is unconstitutional, for if it is such, appellee has a complete defense to the prosecution against him.

"We believe that no case has been made for the interposition of a court of equity to determine the constitutionality of the law. (citing authorities)"

For the reasons stated, we do not believe that the plaintiffs below (appellees here) have made out a case of irreparable injury to them which would entitle them to have a court of equity enjoin the enforcement of the ordinance in question.

The order of the trial court granting a temporary injunction is reversed, with directions to vacate said order.

Jackson, J., dissents with opinion.

Mote, J., not participating.

### DISSENTING

JACKSON, J.—I am unable to agree with the majority opinion herein and dissent thereto.

Appellant admits that neither the 1965 Act (Acts 1965 ch. 214) nor any act prior thereto granted municipal corporations the power to enact ordinances in the so-called "Open Occupancy" field. Under the 1965 Act and those prior thereto the State had preempted that field. Without preemption the ordinance in question was unenforcible as the cities and towns had authority to pass ordinances only in those fields specifically authorized by statute. In the case of the ordinance in question no such specific statutory authority existed.

In 1967 the legislature saw fit to change its policy in the so-called "Open Occupancy" field by the enactment of Acts 1967 ch. 276 (being § 40-2308, 40-2317a Burns' 1967 Cum. Supp.). By the terms thereof said § 40-2317a specifically authorized such ordinances as the one in question.

The appellee's Motion to Dismiss the appeal as moot should be sustained as the ordinance in question was enacted prior to 1967.

NOTE.—Reported in 238 N. E. 2d 17.