Johnson v. Johnson et al.

No. 13,261.

JOHNSON v. JOHNSON ET AL.

TRIAL.—*By Jury.*—*Suits of Equitable Cognizance.*—A counter-claim by a married woman praying the cancellation, as void, of a mortgage sought to be foreclosed, presents an issue of equitable cognizance, and a trial by jury can not be demanded.

CHANGE OF VENUE.—*Bill of Exceptions.*—*Supreme Court.*—No question is presented upon a ruling denying a change of venue if the application therefor is not made a part of the record by a bill of exceptions.

From the Grant Circuit Court.

*G. W. Harvey*, for appellant.

*J. T. Strange* and *R. W. Bailey*, for appellees.

ELLIOTT, J.—The appellant instituted this suit upon a note and mortgage, and Charlotte Johnson filed a cross-complaint or counter-claim wherein she alleged that she was the wife of Berry Johnson; that the note and mortgage were executed by her as surety for her husband, who had borrowed the money of the mortgagee, and that she acquired the land mortgaged by gift from her father. The counter-claim prayed a cancellation of the mortgage. After issue joined on the counter-claim the appellant dismissed his complaint.

There is no bill of exceptions presenting the motion or affidavit for a change of venue, and, consequently, no question is before us upon the ruling denying a change of venue.

The issue joined on the counter-claim was one of equitable cognizance, and the court did not err in denying the appellant's request for a trial by jury.

Judgment affirmed.

Filed May 11, 1888.