LARRY WINNEY ET AL. *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF VIGO ET AL.

[No. 1-776A114. Filed November 22, 1977.]

---

*Arnold H. Brames, Francis & Brames*, of Terre Haute, for appellant.

*Gerald H. McGlone*, of Terre Haute, for appellee Marywood Corp., *Ralph Berry, Berry, Wright & Shagley*, of Terre Haute, for appellee Board of Commissioners, *James F. Smock, Smock & Smock*, of Terre Haute, for appellee, City of Terre Haute.

LYBROOK, J.—This is an appeal by plaintiffs-appellants Larry Winney and other residents (Residents) of Marywood Subdivision near Terre Haute from a denial of their motion to correct errors after having judgment entered against them in their suit for declaratory judgment against the Board of Commissioners of Vigo County (Board), the City of Terre Haute (City), Marywood Corporation (Marywood) and other defendants.

The Residents have raised the following issues for our consideration:

I.  Did the trial court err in denying the Residents' demand for a jury trial?

II.  Are IC 1971, 17-2-22-3 (Burns Code Ed.) and Vigo County General Ordinance No. 1, 1969, unconstitutional as denying the Residents equal protection of the law?

III.  Are the trial court's conclusions 1 and 5 contrary to law?

This declaratory judgment action was instituted by numerous residents of Marywood Subdivision, a housing addition approximately two miles south of the Terre Haute city limits. All of the approximately 100 homes in the subdivision were equipped with private septic tanks or comparable sewage systems. In late 1973, Marywood Corporation, the developer of the subdivision, arranged to have a sanitary sewage system installed in the area to service both the existing homes and homes planned for construction in the future, which system was to be connected to the City system.

At or near the time that Marywood was taking bids for construction of the system, it was also conducting negotiations with the City pursuant to IC 1971, 19-2-7-16 (Burns Code Ed.) which allows the board of public works of a city to contract with an owner of real estate within four miles of the city limits for construction of a sanitary sewer. Although construction of the system began sometime in late 1973, the written contract between Marywood and the City was not signed until April 30, 1975. There is a dispute in the evidence as to whether or not the terms of the contract had been agreed upon prior to the actual signing of the document. Under the terms of the contract, the City would own, operate and maintain the system, collect all tap-on fees, and then pay those fees over to Marywood as reimbursement of construction costs. Marywood was limited to a period of fifteen years in which to recoup its costs.

In November, 1973, Paul Welch, an employee of the Vigo County Health Department and a resident of Marywood subdivision, sent a letter to each of the residents of the Subdivision informing them of the sewer construction. He also informed them of certain provisions of Vigo County General Ordinance Number 1, 1969,

enacted pursuant to IC 1971, 17-2-22-3 (Burns Code Ed.). In general, that ordinance requires residents in a housing subdivision using septic tanks or other similar private systems to hook into a public sanitary sewer system whenever such a system becomes available.

Shortly after receiving these letters, the Residents instituted a declaratory judgment action asserting, *inter alia*, that the Marywood System was not a "public" system as described in the ordinance, that the tap-on fee was unreasonable, and that the ordinance and statute were unconstitutional.

## I.

We first address ourselves to the question as to whether the residents were entitled to have the relevant portions of their case submitted to a jury. It is undisputed that the residents made a timely demand for jury under Trial Rule 38(B). After receiving trial briefs addressed to this and other issues, the trial court denied their demand for trial by jury.

A party may have a right to a jury trial upon issues of fact in a declaratory judgment action. Trial Rule 57 (Declaratory Judgments) specifically provides that trial by jury shall be available "under the circumstances and in the manner provided in Rules 38 and 39." Therefore, in deciding whether the residents were entitled to a jury trial in this action, we must review the provisions of Rules 38 and 39 along with the law interpreting those rules.

Both parties have cited the recent case of *Hiatt v. Yergen* (1972), 152 Ind. App. 497, 284 N.E.2d 834, in which Judge Buchanan rendered an extensive analysis of the right to jury provision of Rules 38 and 39, as being dispositive of the issues in this case. With that contention we agree. However, it appears that both parties in their briefs have misinterpreted the rather clear guidelines set out in that case.

The relevant provision in Rule 38 preserving the right to trial by jury reads as follows:

"Issues of law and issues of fact in causes that prior to the eighteenth day of June, 1852, were of exclusive equitable jurisdiction shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defenses which, prior to said date, were of exclusive equitable jurisdiction with causes of action or defenses which prior to said date were designated as actions at law and triable by jury — the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same time or at different times, as the court may direct."

In *Hiatt*, this was interpreted to mean that the right to a jury was dependent upon the claim or cause of action which is stated in the pleadings and that the pleader, for purposes of a jury demand, should keep in mind the traditional distinction between law and equity. The test, then, for deciding the right to a jury in a civil action requires a classification of the claim or cause of action as either sounding in equity or at law. When this process of classification and analysis leads to the determination that the claim or cause of action, or any essential part thereof, is of equitable jurisdiction, the entire action is drawn into equity and the right to a jury is extinguished. Conversely, where the claim or cause of action is not such as to invoke equity jurisdiction, it is to be considered to be an action at law where the right to trial by jury must be provided after a timely demand.

Marywood has misinterpreted this process to require an analysis of the issues within the claim for relief set out in the pleadings to determine whether issues of fact or issues of law are involved. Marywood then concludes that a claim which draws into question a statute or ordinance is triable only to the court without a jury because such a claim involves questions of law. We agree that issues of law or of statutory interpretation are not the proper subject of jury analysis. However, Marywood's argument misses the mark entirely. Certainly, if a claim presents only questions of law and presents no question of fact, there will be no function for a jury. But issues of law which are properly left only to the court may be

contained within a particular claim which also presents issues of fact, and the critical distinction to be made, as stated in *Hiatt*, is the character of the claim itself — that being either equitable or legal. In either case, issues of law within a claim for relief will be determined by the court, either by a separate decision or by instructions to the jury. However, where there are material issues of fact in an action which was a legal action at common law and not an equitable action, the right to trial by jury is preserved.

We begin our analysis of the character of the claims for relief involved in this action with an examination of the Residents' complaint, which is in three counts. In Count I, the Residents outlined the basic facts as they perceived them, describing the construction of the sewer by Marywood Corporation, alleging the absence of a binding contract between Marywood and the Board of Commissioners as required by statute, and finally alleging that the letter by Mr. Welch of the Vigo County Department of Health constituted an order to the Residents under the ordinance to connect to the new sewer system. In their prayer for relief, the Residents requested judgment declaring, in effect, the sewer system to be private and not public, thereby removing themselves from the provisions of the ordinance, and also declaring the tap-on fee to be unreasonable. In Count II, the Residents incorporated the allegations of Count I, described the statute and ordinance in question as perceived by the Residents, and prayed for judgment declaring the statute and ordinance to be unconstitutional. Count III of the complaint also incorporated certain allegations of Count I, described IC 1971, 19-2-7-16 (Burns Code Ed.) which the Residents alleged would deprive them of certain rights of remonstrance should the City of Terre Haute begin annexation proceedings, and concluded with a prayer for judgment declaring the remonstrance rights of the Residents to be intact.

Examination of other pleadings filed in this action reveals general agreement among the parties as to the issues involved and the relief which was to be forthcoming. Marywood has stated in its brief, and we agree, that its counterclaim presented

substantially the same issues and requested the same relief as was requested in Count I of the complaint, albeit with a prayer for opposite findings. The agreed pretrial order listed substantially the same issue; whether the sewer was public or private, the tap-on fee was unreasonable, and the statute and ordinance unconstitutional. The relief demanded, by the Residents in their complaint, and by Marywood in its counterclaim, was essentially a declaration of legal rights, with each side requesting a favorable finding.

Under the directive of *Hiatt*, we are to determine the character of the claims for relief set out in the action "from the general scope and tenor of the pleadings," and we are to interpret the pleadings "as proceeding upon the theory which is most apparent, and most clearly outlined, by the facts stated." *Hiatt, supra,* at 846, quoting from *Monnett v. Turpie* (1892), 132 Ind. 482, 32 N.E. 328. From such an overview of the pleadings in this cause, we are constrained to conclude that the equitable jurisdiction of the trial court was not invoked by the claims for relief presented to it. There are no theories present which traditionally were of exclusive equitable cognizance. The relief requested by the parties, as gleaned from the pleadings as a whole, is for the determination of the application and constitutionality of a statute and ordinance, which generally is held to be within the jurisdiction of a court of law, and not a court of equity. *City of Gary, Lake County v. Ayers* (1968), 251 Ind. 193, 238 N.E.2d 17. Furthermore, the Residents have chosen not to invoke the equity powers of the court by obtaining injunctive relief to restrain the particular county officials from proceeding against them. It must follow then, that the Residents, upon timely demand, were entitled to trial by jury.

Upon reaching this conclusion, however, our task is not yet at an end. It is the law in this state that the right to trial by jury extends only to causes or claims in which there exist material issues of fact. *Lueken v. City of Huntingburg* (1975), 166 Ind. App. 322, 335 N.E.2d 239. Our task must conclude, therefore, with a segregation of claims involving

material issues of fact, for it is those claims which must be remanded for a jury trial.

We feel that it is beyond doubt that the claims for relief presented in Counts II and III in the Residents' complaint contain no material factual issues and were therefore correctly reserved for decision by the trial court. In Count II, the constitutionality of a statute and ordinance was called into question. It is well settled that it is the duty of the court to determine issues regarding the constitutionality of legislative enactments. *Board of Commissioners of Howard County v. Kokomo City Plan Commission* (1975), 263 Ind. 282, 330 N.E.2d 92. As to Count III, which concerns the interaction between two statutory provisions, the Residents have pointed out no factual issue and we see none. We hold, therefore, that the Residents had no right to trial by jury as to Counts II and III of the complaint.

Conversely, as to Count I, numerous issues of fact exist which could properly have been submitted to a jury. One such issue involves the contract entered into by and between Marywood and the Board, pursuant to which the foundation is laid for the assertion that the Marywood system was a public sewer system for the purposes of the ordinance as opposed to a private system. Although Marywood did present sufficient evidence to support a finding that the terms of the contract were agreed upon prior to the actual signing of the agreement, where there is conflicting evidence as to when an agreement was intended to be binding upon all parties, as was the evidence in this case, the general rule holds that such question is properly within the province of the jury. 17A C.J.S. Contracts, § 611, pp. 1229 and 1230.

This action must be reversed as to Count I of the Residents' complaint and remanded for trial by jury. Because the issues raised in Marywood's counterclaim are essentially the same as those contained in Count I of the complaint, Marywood should also be allowed to present its claim for relief at trial.

## II.

The Residents next contend that IC 1971, 17-2-22-3 (Burns Code

Ed.) and Vigo County General Ordinance #1, 1969 are unconstitutional as denying the Residents equal protection of the law. Briefly summarized, the statute in question allows the board of commissioners of a county to adopt ordinances to require persons living in subdivisions such as Marywood to connect to a sanitary sewer system rather than using septic tank systems. Pursuant to this statute, it was provided in § 208 of Ordinance #1 that a resident must connect to any public sewer system which becomes available within 300 feet of his property line.

It is alleged by the Residents that a classification is made by these two provisions which is arbitrary and capricious and which invidiously discriminates against them as a class. However, we do not feel that the Residents have sufficiently explained the manner in which these provisions have been or will be applied so as to create discriminatory classifications. The only evidence of discrimination cited by the Residents is that the City has charged a different tap-on fee to City residents for use of a different system built at an earlier time. In their briefs, the Residents have also attempted to raise an issue of a denial of due process as a major portion of their equal protection argument. This issue was not raised in their motion to correct errors, however, and is therefore waived. *Matter of Perkins* (1976), 170 Ind. App. 171, 352 N.E.2d 502.

Absent a showing by the plaintiff that a fundamental right is involved, a statute will be declared to violate the equal protection clause because it contains some type of classification only if it is shown that the classification is arbitrary or capricious or does not bear a reasonable relation to the legislative objective. *Forks v. City of Warsaw* (1971), 257 Ind. 237, 273 N.E.2d 856, cert. denied, 409 U.S. 841.

Furthermore, it has been held by our Supreme Court that all statutes and ordinances are presumed to be constitutional and to be grounded on a rational basis, and that any party opposing that presumption has the burden of overcoming that presumption by making any constitutional defects "clearly apparent". *Board of Commissioners of Howard*

*County v. Kokomo City Plan Commission, supra; Hanley v. State of Indiana* (1954), 234 Ind. 326, 126 N.E.2d 879. We do not feel that the Residents have carried their burden of proof on this issue, and we therefore affirm the trial court's decision as to Count II of the complaint.

Because this action must be reversed for a new trial as to Count I of the complaint, we need not consider the issue as to the findings of the trial court on that count.

The decision of the trial court is affirmed in part and reversed in part, and remanded with instructions to allow a jury trial as to Count I of the Residents' complaint.

Affirmed in part, reversed in part.

Robertson, C.J. and Lowdermilk, J. concur.

NOTE—Reported at 369 N.E.2d 661.