In the Matter of the ESTATE OF John A. BALLARD, Deceased, the Citizens State Bank, Administrator, W. W. A., Plaintiff-Appellant,

v.

Joseph V. BALLARD,
Defendant-Appellee.

No. 1–281A40.

Court of Appeals of Indiana,
First District.

April 27, 1982.

Bruce Markel, III, Markel, Markel & Markel, Brownstown, for plaintiff-appellant.

William L. Thompson, Allen & Thompson, Salem, Robert L. Mellen, Mellen, Mellen & Wood, Bedford, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant Citizens State Bank (Bank), in the capacity of successor administrator of the estate of John A. Ballard (decedent), appeals a negative judgment entered in the Lawrence Circuit Court in a trial by the court which found in favor of defendant-appellee Joseph V. Ballard (Ballard) in an action for fraud and forfeiture of contract.

We affirm.

## STATEMENT OF THE FACTS

On October 1, 1966, the decedent and his wife entered into a contract for the conditional sale of real estate with Ballard, their son. It involved the sale of the decedent's farm to Ballard and reserved a life estate for decedent and his wife. Shortly after the decedent's death on April 1, 1968, Ballard showed the contract to the other heirs. Ballard was appointed administrator to the decedent's estate on April 16, 1968, and made some contract payments toward purchase of the real estate. Thereafter, Ballard resigned as administrator on February 10, 1977. On February 25, 1977, the Bank was appointed successor administrator by the court and Ballard was ordered to make a verified final accounting of the decedent's estate. On April 22, and 25, 1977, Ballard personally delivered two checks to one Curtis Benter, a cashier of the Bank, who deposited the money into the decedent's estate account. The first of these checks was for $9,832.50 and was made payable to "John A. Ballard Estate." The check bore the legend "For pay on contract." The second check

was for $3,305 and inscribed on it was "Contract payment." Mr. Benter testified he assisted Ballard to calculate those figures. He also testified that he knew of the land sales contract between Ballard and the decedent. The title to the bank account was: "John A. Ballard Estate, Joe V. Ballard, Administrator."

## ISSUES

The Bank presents seven issues for review which we have consolidated into the following five arguments: Whether the trial court erred:

I. in suppressing in evidence the admission of the decedent's will;

II. in admitting in evidence two letters which are hearsay;

III. in dismissing the jury at the close of the Bank's case-in-chief;

IV. in dismissing Count one of the Bank's amended complaint; and

V. in making findings of fact and conclusions of law which are contrary to law.

## DISCUSSION AND DECISION

### Issue I. Will

The Bank argues Ballard fraudulently induced the decedent to sign the contract and it attempted before trial to offer as proof the will of the decedent under the state of mind exception to the hearsay rule. However, the trial court suppressed the admission in evidence of the will for the reason that it was merely a self-serving declaration and had no probative value on whether the decedent had contracted for the sale of the real estate with Ballard.

Ballard had filed a motion in limine to suppress the admission in evidence of the decedent's will which the trial court granted eight months before trial. At trial, the Bank never made a tender of the will or offer of proof during its case-in-chief. An offer to prove is required to preserve error in sustaining a motion in limine. *State v. Church of the Nazarene of Logansport,* (1978) 268 Ind. 523, 377 N.E.2d 607; *Freson*

*v. Combs,* 433 N.E.2d 55 (Ind.App.1982). The Bank failed to make an offer of proof, and therefore, no issue was preserved for appellate review.

### Issue II. Admission of letters

After the Bank presented its evidence and the trial court dismissed the jury, Ballard was allowed to introduce in evidence two letters written by his attorney to another attorney. The letters were admitted to show Ballard's intent to pay the balance of the purchase price on the contract. The Bank argues the letters were hearsay, and therefore, inadmissible evidence of declarations made out of court by another person directed to one not a party or witness.

As a general rule, out of court statements offered in court for the truth of the matter therein are hearsay; however, where the statements are not offered for the purpose of proving the facts asserted, they are not hearsay. *Blue v. Brooks,* (1973) 261 Ind. 338, 303 N.E.2d 269. Not all testimony about extrajudicial utterances of a third person made outside the presence of the parties qualifies as hearsay evidence. Whether it is hearsay depends on the purpose for which it is offered. *Blue, supra.*

It can be said that the letters demonstrate Ballard's intent to pay the balance due on the contract. Ballard testified he instructed his attorney to write the letters and send him copies of the letters. Therefore, they do evidence his intent to pay off the contract. The Bank counters this proposition and contends the letters cannot be evidence of Ballard's state of mind because he did not write them. Even so, the Bank has not shown what harm was caused by their admission. The trial court has considerable latitude in admission or rejection of evidence and it is only when an error by the trial judge relates to a material matter, or is of such character as to substantially affect the rights of the parties that such an error justifies reversal. *School City of Gary v. Claudio,* (1980) Ind.App., 413 N.E.2d 628. Erroneous admission of inadmissible evidence is not grounds for reversal where such evidence is merely cumula-

tive in nature. *D. H. v. J. H.*, (1981) Ind. App., 418 N.E.2d 286; *Haskett v. Haskett*, (1975) 164 Ind.App. 105, 327 N.E.2d 612. Furthermore, the harm arising from evidentiary error is lessened if not totally annulled when the trial is by the court sitting without a jury. *King v. State*, (1973) 155 Ind. App. 361, 292 N.E.2d 843. Testimony of Ballard earlier revealed that he had attempted to obtain a Federal Land Bank loan to pay off the balance due on the contract. Thus, the admission of the two letters, even if improper, is merely cumulative evidence of Ballard's intent to pay off the contract. The trial court, therefore, did not commit reversible error in allowing their admission.

### Issue III.   Dismissal of jury

Initially, Ballard filed a request for a trial by jury of all issues. However, four months before trial, he moved for separate trials pursuant to Ind. Rules of Procedure, Trial Rule 42. Ballard sought a trial by jury as to the first count on fraud and a trial to the court as to the second and third counts on cancellation of the contract. The memorandum in support of the motion pointed out that the allegation in Count one was misrepresentation, a legal issue triable by a jury. The issues presented under Counts two and three sought cancellation of the contract, liquidated damages and declaratory relief, all equitable matters triable by the court. The Bank objected to Ballard's T.R. 42 motion for separate trials and the trial court denied the motion after taking it under advisement, thus granting a trial by jury on all issues. However, at the close of plaintiff's case-in-chief and out of the presence of the jury, Ballard filed motions for judgment on the evidence as to Count one and to withdraw issues presented in Counts two and three from the jury. The trial court granted both motions and dismissed the jury, stating that the balance of the case sounded totally in equity.

The Bank argues the allegations under Count two are purely factual matters for a jury to decide. Breach of contract, the Bank continues, is traditionally an action at law. The Bank further asserts that Count three, while seeking a declaration of the legal rights and duties of the parties, requires a determination of substantial questions of fact for a jury.

█  Ind. Rules of Procedure, Trial Rule 39(A)(2) provides:

"If a party demands a jury trial on any issue upon which he is entitled to jury trial as of right in the case, the court shall grant it on that issue."

In Indiana, it is a well established rule that where a cause of action contains matters which are both in law and in equity, and the issues are essentially equitable, the entire proceedings will be tried in equity. *Jones Drilling Corporation v. Rotman*, (1964) 245 Ind. 10, 195 N.E.2d 857; *Fish v. Prudential Insurance Company of America*, (1947) 225 Ind. 448, 75 N.E.2d 57; *Lewandowski v. Beverly*, (1981) Ind.App., 420 N.E.2d 1278; *Winney v. Board of Commissioners of the County of Vigo*, (1977) Ind.App., 369 N.E.2d 661; *Hiatt v. Yergin*, (1972) 152 Ind.App. 497, 284 N.E.2d 834.

█  The right to a trial by jury is guaranteed only in those actions which were triable by jury at common law prior to June 18, 1852 as set forth under Ind. Rules of Procedure, Trial Rule 38(A). *See also, City of Indianapolis v. Schmid*, (1968) 251 Ind. 147, 240 N.E.2d 66; 4 Works' Indiana Practice § 63–1 at 37 (1974). T.R. 38(B) clearly provides that a demand for trial by jury is permissible "of any issue *triable of right* by a jury." (emphasis added). It then follows, is the instant case one where a jury trial can be demanded? To answer this question we must determine whether the issues in Counts two and three are essentially equitable or legal. As Judge Lybrook said in *Winney, supra*, at 664, "the critical distinction to be made, as stated in *Hiatt*, is the character of the claim itself—that being either equitable or legal." The court in *Winney*, guided by the pronouncements in *Hiatt*, determined the character of the claim by focusing on the totality of the pleadings and relief sought.

Count two alleges that the terms of the contract permit cancellation of the contract and repossession of the real estate upon Ballard's failure to make contract payments, insure improvements and pay insurance premiums. As stated in *Skendzel v. Marshall*, (1973) 261 Ind. 226, 231, 301 N.E.2d 641:

> "Forfeitures are generally disfavored by the law. *Carr v. Troutman* (1954), 125 Ind.App. 151, 123 N.E.2d 243. In fact, '. . . [e]quity abhors forfeitures and beyond any question has jurisdiction, which it will exercise in a proper case to grant relief against their enforcement.' 30 C.J.S., *Equity*, § 56 (1965) and cases cited therein."

And in *Fish, supra*, at 454, 75 N.E.2d 57, our Supreme Court stated:

> "An action to rescind and cancel a written instrument is one in equity. II Gavit on Indiana Pleadings & Practice, p. 2031, § 318; II Watson's Works, Practice and Forms, p. 190, § 1522; *Johnson v. Johnson* (1888), 115 Ind. 112, 17 N.E. 111; *Hess v. Stout* (1930), 91 Ind.App. 617, 171 N.E. 310; *Stix v. Sadler* (1886), 109 Ind. 254, 257, 9 N.E. 905; *Lane v. Schlemmer* (1887), 114 Ind. 296, 303, 15 N.E. 454; *Marsh v. Morris* (1892), 133 Ind. 548, 555, 33 N.E. 290; 9 Am.Jur. 351, § 3; 9 C.J. 1159, § 4; 12 C.J.S. 943, § 2."

*See* 4 Works' Indiana Practice § 63.8 at 46 (1974). The right to a trial by jury does not exist in cases of purely equitable cognizance. WORKS', *supra*, at 55. Furthermore, a suit to cancel a mortgage is equitable in nature and can only be tried by the court. *Skendzel, supra; Stix v. Sadler*, (1887) 109 Ind. 254, 9 N.E. 905. The court in *Skendzel* also held that a conditional land sales contract is in the nature of a secured transaction the provisions of which are subject to all proper and just remedies at law and in equity.

In the case at bar, viewing the totality of the pleadings and relief sought therein, forfeiture and cancellation of the conditional land sales contract represents the theory upon which the Bank complains. The Bank also sought as liquidated damages all rents and profits derived from the real estate by Ballard since the contract was in force. Under Count three, the Bank reiterated the prior allegations of Counts one and two and sought a declaratory judgment specifying the legal rights, relations and duties of the parties to that effect. Claims with no material fact issues for a jury to decide are correctly reserved for decision by the trial court in a declaratory judgment action. Ind. Rules of Procedure, Trial Rule 57; *Winney, supra*. Though factual matters are alleged, they merely outline the claim for cancellation of the contract and do not represent essential facts which a jury should rightfully determine. In fact, Ballard does not dispute having made late payments and having failed to insure the premises. The Bank, as successor administrator, plainly beseeched the trial court to enforce a cancellation provision in the contract against Ballard. Forfeiture is, as the *Skendzel* court said, an equitable remedy. *See McLendon v. Safe Realty Corporation*, (1980) Ind.App., 401 N.E.2d 80.

In *Beverly, supra*, a trial court first had granted a motion for jury trial and then dismissed the jury at the close of the plaintiff's case-in-chief. The trial court had realized during the course of trial that the theory of plaintiff's claim sounded in equity, and therefore, must be tried by the court. In *Beverly*, legal and equitable issues were "so closely blended" that it was proper for the whole case to be drawn into equity.

In the case at bar, the trial court properly decided the issues without a jury because there were no substantial questions of fact for a jury to decide and the matter was essentially if not entirely equitable in nature. As such, the parties were not entitled to the right to a trial by jury. Also, we would note that the Bank never requested a jury trial in the first place. The trial court did not err in dismissing the jury.

*Issue IV. Dismissal of Count one*

After the Bank presented its evidence, the trial court granted Ballard's motion for judgment on the evidence as to Count one, stating that the claim was barred by the

statute of limitations. The Bank argues that, in ruling before Ballard presented evidence, the trial court relieved Ballard of proving that the statute of limitations barred the Bank's claim. The Bank contends Ballard first must prove the affirmative defense and present his case before the trial court may rule.

It is true that the party pleading the statute of limitations bears the burden of proving the cause of action began beyond the statutory time allowed. *Ferdinand Furniture Company v. Anderson*, (1980) Ind. App., 399 N.E.2d 799; *Arnold v. Dirrin*, (1979) Ind.App., 398 N.E.2d 426. However, as Judge Sullivan found in *Ferdinand, supra*, at 802:

> "If the evidence presented during the plaintiff's case-in-chief discloses that the statute of limitations has run, to require the defendant to present essentially the same evidence during his 'side' of the case would be to exalt form over substance."

In the case at bar, the Bank alleged under Count one that Ballard had made false and fraudulent representations to decedent in obtaining his signature on the contract. The Bank's evidence showed the contract was signed in 1966, the decedent died in 1968, and shortly thereafter Ballard showed the contract to all the other heirs. From April, 1968 until July, 1977, when the Bank brought suit, no action for fraud was commenced. Ind.Code 34–1–2–1 provides that actions for relief against frauds must be commenced within six years after the cause of action has accrued, and not afterwards. Under Indiana law, failure of a plaintiff to exercise reasonable care and due diligence to discover fraud precludes tolling of the statute of limitations so as to permit commencement of an action more than six years after accrual of a cause of action. *Morgan v. Koch* (7th Cir. 1969) 419 F.2d 993.

Certainly no legal disability or ignorance of facts prevented the other heirs to the decedent's estate from bringing a cause of action within the statutory period, especially where they all had an opportunity to read the contract. Therefore, we are of the opinion that no justification exists for suspending operation of the statute of limitations.[1] *See Morgan, supra.* We agree with the court in *Ferdinand, supra*, that when "the face of the Complaint shows that the action was brought beyond the statutory period," the defendant is not required to present evidence that the statute of limitations has run.

### Issue V. Findings and conclusions

Lastly, the Bank asserts various errors concerning the trial court's findings of fact and conclusions of law. The judgment of the trial court in favor of Ballard was, in effect, a finding that the Bank did not meet its burden of proving its allegations. The Bank has suffered a negative judgment which only may be attacked on appeal as being contrary to law. *Grueninger Travel v. Lake County Trust Company*, (1980) Ind. App., 413 N.E.2d 1034. In *Grueninger, supra*, at 1038, Judge Chipman stated our standard of reviewing a negative judgment:

> "In determining whether a negative finding is contrary to law, this court neither weighs the evidence nor the credibility of witnesses. The judgment will be reversed only if the evidence is without conflict and leads to but one conclusion, which is the opposite of that reached by the trial court. *Alfaro v. Stauffer Chemical Co.*, (1977) Ind.App., 362 N.E.2d 500; Ind. Rules of Procedure, Trial Rule 52(A). We also note, the burden is upon the appellant to demonstrate the decision is contrary to law."

Our review of the record indicates that the trial court's conclusions of law are supported by its findings which are based on sufficient facts. Therefore, we cannot say that the judgment was contrary to law.

Judgment affirmed.

RATLIFF, P. J., and YOUNG, J. (participating by designation) concur.

---

1. The Bank has not raised any other arguments with regard to Ballard's statute of limitation defense. Once Ballard has borne the burden of showing that the claim is barred by the statute (apparent on the face of the complaint in this case), the burden falls upon the Bank, not Ballard, to show such facts as will prevent the running of the statute. *Arnold, supra.*