Stephen TANCOS, Appellant (Defendant-Counterplaintiff Below),

v.

A.W., INC., Appellee (Plaintiff-Counterdefendant Below).

No. 3–684A156.

Court of Appeals of Indiana, Third District.

Oct. 15, 1984.

William H. Tobin, Saul I. Ruman & Associates, Hammond, for appellant.

Fred M. Cuppy, Kathryn D. Schmidt, Thomas, Burke, Dyerly & Cuppy, Merrillville, for appellee.

HOFFMAN, Judge.

Appellant Stephen Tancos (Tancos herein) brings this interlocutory appeal in order that this Court may review the trial court's grant of appellee A.W., Inc.'s (AWI herein) motion to strike Tancos' jury demand. The facts most relevant to this appeal are as follows.

On November 3, 1982, AWI filed its complaint against Tancos and others, seeking a temporary restraining order or temporary and permanent injunctions to prevent Tancos from operating certain auto parts businesses and taking action in regard to his security interests in the businesses, and for damages as a result of an alleged conversion committed by Tancos. On November 8, 1982, a hearing was held on AWI's motion for preliminary injunction or temporary restraining order. At the hearing, the trial court denied the extraordinary equitable relief requested by AWI.

On February 23, 1983, AWI filed its amended complaint seeking judgment in the amount of $105,459.74 against the other parties defendant, Daniel Tancos, Debra Tancos, Robert Fricano, Pamela Fricano, Fricano Tancos, d/b/a Price Rite Auto Parts and d/b/a Rite Price Auto Parts (Fricano-Tancos herein) on several notes and accounts. In addition, the amended complaint sought a temporary restraining order or preliminary injunction preventing Tancos from operating the businesses or taking action in regard to his security interest therein. The amended complaint further sought damages from Tancos as a result of his alleged conversion.

Tancos responded to AWI's amended complaint by filing his answer and counterclaim on March 22, 1983. His answer sought either a judgment in his favor or a dismissal of AWI's action. Tancos' counterclaim sought relief on four counts. The first sought damages for AWI's alleged wrongful conversion of items in which Tancos had a priority security interest. The second sought damages for AWI's alleged violation of IND.CODE § 26–1–9–501 et seq., the self-help repossession provisions of the Commercial Code. The third count sought damages for AWI's alleged wrongful interference with Tancos' contractual relations with Fricano-Tancos. The last count sought damages for AWI's alleged bad faith institution and conduct of this lawsuit. In addition, the fourth count sought punitive damages. Tancos' counterclaim also demanded trial by jury. AWI answered the counterclaim by denying all of its material allegations.

Thereafter, on February 16, 1984, a pre-trial conference was held at which a two-day jury trial was set to begin on June 18, 1984. Prior to the trial, on May 31, 1984, AWI filed its motion to strike jury demand along with a supporting memorandum arguing that as the case was originally brought under the court's equitable jurisdiction, and alleging that the pleadings evinced that the essential character of the case is one of equity, the entire case was drawn into equity and thus a jury trial was improper.

The pre-trial order was entered nunc pro tunc June 8, 1984. In essence, that order contained only the following issues for trial:

(1) whether Tancos had sold collateral in a commercially reasonable manner in compliance with IND.CODE § 26–1–9–504;

(2) whether Tancos converted collateral in which AWI had a security interest;

(3) whether AWI wrongfully took and possessed collateral in which Tancos had a security interest;

(4) whether AWI wrongfully interfered with the contractual relationship between Tancos and Fricano-Tancos; and

(5) whether AWI instituted these proceedings in bad faith merely to harass Tancos and force him to sell the businesses at an unreasonably low price.

Also on that date a hearing was held on the motion to strike jury demand, at which the trial court granted the motion and struck the jury demand. This interlocutory appeal was then brought to review that decision.

On appeal there are three issues which this Court must examine:

(1) What may a trial court look to, at a hearing on a motion to strike a jury demand, in order to determine whether the proceedings are essentially equitable in nature?

(2) Based upon those items in the instant case which the trial court may look to, are the proceedings essentially equitable in nature?

(3) Whether the trial court erred in granting AWI's motion to strike Tancos' jury demand?

Both parties to this appeal cite *Hiatt v. Yergin*, (1972) 152 Ind.App. 497, 284 N.E.2d 834, as authority. *Hiatt*, resolves the first issue:

"... The Rules as now constituted contemplate notice pleading and therefore in many cases right to jury trial may only be determined from an examination of the totality of the action pending between the parties. Differently stated, since the burden of making up the issues is no longer the sole function of the pleadings, the court in addition may be required to turn to the 'deposition and discovery procedure.'" (Footnote omitted.)

*Hiatt* continued:

"TR. 16(A)(1) provides an excellent opportunity for the trial court to aid in formulating and simplifying the issues by requiring the attorneys to participate in a pretrial conference for this purpose. Such a conference should be frequently used because it is often the only effective way of applying 'the ancient yardstick.'" 152 Ind.App. at 520, 284 N.E.2d at 846–847.

The guidance of *Hiatt* has been followed on several occasions. In *Winney et al. v. Bd. of Comm'rs.*, (1977) 174 Ind.App. 624, 369 N.E.2d 661, the Court looked, in addition to the complaint and answer, at the counterclaim and pre-trial order to determine whether the issue was essentially equitable or legal in nature. The Court determined the nature of the case by looking at the "pleadings as a whole." *Id.* at 630, 369 N.E.2d at 664. Also, in *Arnold v. Dirrim*, (1979) Ind.App., 398 N.E.2d 426, at 438, it is stated:

"Where the pleadings are of the notice variety, the trial court must necessarily turn to the totality of the proceedings before it is to ascertain whether the claim is essentially equitable or legal in nature."

The Court in *Arnold* looked specifically at the pre-trial order setting forth the contentions of the parties in an attempt to determine the essential character of the issues. And most recently in *Estate of Ballard v. Ballard*, (1982) Ind.App., 434 N.E.2d 136, this Court followed the pronouncements of both *Winney* and *Hiatt* by focusing upon the totality of the pleadings and relief sought to determine the character of the claim.

██ In order for a trial court to determine the essential character of the issues of a case, and thus whether or not a jury trial is permitted under Ind.Rules of Procedure, Trial Rules 38 and 39, the trial court

may look to all the filings in the case, including the pre-trial order.

In the instant case, at the hearing on AWI's motion to strike jury demand, the trial court had AWI's original complaint, an order denying the equitable relief requested in the complaint, AWI's amended complaint, Tancos' answer to the amended complaint and his counterclaim, AWI's answer to the counterclaim, and the pre-trial order. In determining the essential nature of the proceedings, the trial court may properly have looked at all of those pleadings.

■ In reviewing the trial court's evaluation of the totality of the pleadings herein, this Court will look to the pleadings in their chronological order. In the original complaint, AWI sought both injunctive relief and damages. The equitable relief was denied by the trial court shortly after the case was filed. The amended complaint prayed for damages based upon allegations of Tancos' violation of U.C.C. provisions and for conversion. It also requested a restraining order. The record does not show that the restraining order was granted. Tancos' answer and counterclaim raised no equitable issues; he prayed for damages on four legal theories. Finally, the pre-trial order contained five issues, as already listed herein, none of which were equitable in nature. It failed to list AWI's equitable remedy as an issue in the proceedings.

Focusing on the totality of the pleadings, as *Hiatt, supra; Winney, supra; Arnold, supra;* and *Ballard, supra,* require, it is clear that the essential character of this case is of a legal nature. Indeed, AWI no longer contends that it is entitled to any equitable relief.

As this case is essentially legal in nature, the trial court erred in granting AWI's motion to strike the jury demand.

The cause is remanded and the trial court is directed to reinstate the jury demand and grant a trial by jury.

Reversed.

STATON, P.J., concur.

GARRARD, J., concurs in result.