

FILED

Oct 04 2017, 10:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin M. Quinn
Bose McKinney & Evans LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Donald K. McClellan
McClellan & McClellan
Muncie, Indiana

Peter H. Drumm
Benadum, Cecil & Drumm
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cardinal Health Ventures, Inc., *Appellant-Defendant,* <br><br> v. <br><br> Michael Scanameo, M.D., Carol Scanameo, and Michael Scanameo, M.D., Inc., *Appellees-Plaintiffs.* | October 4, 2017 <br><br> Court of Appeals Case No. 18A02-1703-CT-487 <br><br> Interlocutory Appeal from the Delaware Circuit Court <br><br> The Honorable John M. Feick, Judge <br><br> Trial Court Cause No. 18C04-1308-CT-16 |

**Bradford, Judge.**

# Case Summary

On August 5, 2013, Appellees-Plaintiffs Michael Scanameo, M.D., Carol Scanameo, Michael Scanameo, M.D., Inc. (collectively, "the Scanameos"), filed suit against Appellant-Defendant Cardinal Health Ventures, Inc. ("Cardinal Health"), alleging that Cardinal Health committed securities fraud. Specifically, the Scanameos alleged that Cardinal Health sold shares in two medical clinics to the Scanameos knowing that the shares were "worthless." In suing Cardinal Health, the Scanameos sought to recover the sum paid for the shares plus interest and reasonable attorney's fees. Also on August 5, 2013, the Scanameos made a timely request for a jury trial. The Scanameos later filed a motion asking the trial court to strike their request for a jury trial. Cardinal Health did not consent to the Scanameos' request. This interlocutory appeal follows the issuance of the trial court's order granting the Scanameos' motion. Concluding that the trial court erred in granting the Scanameos' motion, we reverse and remand the matter to the trial court with the instruction that the case be re-set on the jury trial calendar.

# Facts and Procedural History

According to the factual allegations levied by the Scanameos, in September of 2007 and on June 30, 2008, Cardinal Health sold shares of two medical clinics to the Scanameos for the collective sum of $542,453.88. On August 5, 2013, the Scanameos filed suit against Cardinal Health alleging that Cardinal Health committed securities fraud. Specifically, the Scanameos alleged that Cardinal

Health sold shares in two medical clinics to the Scanameos, knowing that the shares were "worthless." Appellant's App. Vol. II, p. 17. In suing Cardinal Health, the Scanameos sought to recover the sum paid for the shares plus interest and reasonable attorney's fees. Also on August 5, 2013, the Scanameos made a timely request for a jury trial. The Scanameos filed an amended complaint on November 12, 2013. The amended complaint did not include any substantive changes.

On August 31, 2016, the Scanameos filed a motion to strike their request for a jury trial. Cardinal Health filed a response in opposition to the Scanameos' motion on September 14, 2016. At the conclusion of a September 22, 2016 hearing on the motion, the trial court took the matter under advisement. On February 1, 2017, the trial court issued an order granting the Scanameos' motion. This interlocutory appeal follows.

# Discussion and Decision

Cardinal Health contends on appeal that the trial court erred in granting the Scanameos' motion to strike their prior request for a jury trial. We agree.

# I. The Right to Trial By Jury

Section 20 of Article I of the Indiana Constitution provides that "[i]n all civil cases, the right of trial by jury shall remain inviolate." However, "[t]he right to a jury trial in civil cases is guaranteed only in those actions which were triable by jury at common law prior to June 18, 1852." *Midwest Fertilizer Co. v. Ag-*

*Chem Equip. Co.*, 510 N.E.2d 232, 233 (Ind. Ct. App. 1987) (*citing* Ind. Tr. Rules 38(A); *Estate of Ballard v. Ballard*, 434 N.E.2d 136, 140 (Ind. Ct. App. 1982)). Claims which historically arose in equity "are to be tried to the court." *Id.* (citing *Lewandowski v. Beverly*, 420 N.E.2d 1278, 1282 (Ind. Ct. App. 1981)). Thus, "the key determination to be made is whether the claim involved is legal or equitable in character." *Id.* (citing *Ballard*, 434 N.E.2d at 140; *Winney v. Bd. of Comm'rs of Vigo Cty.*, 174 Ind. App. 624, 369 N.E.2d 661, 664 (1977)).

[6]   "Indiana recognizes that '[t]he character of an action is determined by its substance, not its caption or formal denomination.'" *Id.* (quoting *English Coal Co. v. Durcholz*, 422 N.E.2d 302, 308 (Ind. Ct. App. 1981)). In determining whether a claim is legal or equitable in nature, "we must examine the totality of the pleadings and relief sought." *Id.* (citing *Hiatt v. Yergin*, 152 Ind. App. 497, 520, 284 N.E.2d 834, 846-47 (1972) (overruled on other grounds)).

> The test, then, for deciding the right to a jury in a civil action requires a classification of the claim or cause of action as either sounding in equity or at law. When this process of classification and analysis leads to the determination that the claim or cause of action, or any essential part thereof, is of equitable jurisdiction, the entire action is drawn into equity and the right to a jury is extinguished. Conversely, where the claim or cause of action is not such as to invoke equity jurisdiction, it is to be considered to be an action at law where the right to trial by jury must be provided after a timely demand…. Certainly, if a claim presents only questions of law and presents no question of fact, there will be no function for a jury. But issues of law which are properly left only to the court may be contained within a particular claim which also presents issues of fact, and the critical distinction to be made … is the character of the claim itself that being either

equitable or legal. In either case, issues of law within a claim for relief will be determined by the court, either by a separate decision or by instructions to the jury. However, where there are material issues of fact in an action which was a legal action at common law and not an equitable action, the right to trial by jury is preserved.

*Winney*, 174 Ind. App. at 628-29, 369 N.E.2d at 663-64.

[7] In requesting that the trial court strike their request for a jury trial, the Scanameos argued that while a prior version of Indiana Code section 23-19-5-9 explicitly stated that claims brought under the statute could be decided by either a jury or the trial court, the amended version of the statute was not clear as to whether claims could still be determined by a jury or should only be tried by the court. The Scanameos point to the phrase "determined by the court or arbitrator," arguing that the phrase indicates that claims should only be decided by the trial court. We disagree.

[8] The relevant portion of the amended version of Indiana Code section 23-19-5-9 provides, in relevant part, as follows:

> (a) Except as provided in section 11 of this chapter, a person is liable to the purchaser if the person sells a security in violation of this article, including a violation of IC 23-19-4-12(d)(9) or IC 23-19-4-12(d)(13). It is a defense if the person selling the security sustains the burden of proof that either the person did not know, and in the exercise of reasonable care could not have known, of the violation or the purchaser knowingly participated in the violation. An action under this subsection is governed by the following:

(1) The purchaser may maintain an action to recover the consideration paid for the security, less the amount of any income received on the security, and interest at the greater of eight percent (8%) per annum or the rate provided for in the security from the date of the purchase, costs, *and reasonable attorney's fees determined by the court or arbitrator*, upon the tender of the security, or for actual damages as provided in subdivision (3).

(Emphasis added). The phrase "and reasonable attorney's fees determined by the court or arbitrator" is set off from the rest of the statutory language by a set of commas. As such, in interpreting the language of the statute, we conclude that the phrase "determined by the court or arbitrator" applies to any award of the attorney's fees and not the statute as a whole.

[9] In order to determine whether the parties have a constitutional right to a jury trial in this case, we must look to the character of the Scanameos' action. *See Midwest Fertilizer*, 510 N.E.2d at 233. In bringing the underlying action, the Scanameos alleged that Cardinal Health committed securities fraud. The United States District Court of Delaware and the United States District Court of Colorado have concluded that parties are entitled to a jury trial in cases alleging securities fraud. *See Serv. Grp. Inc. v. Essex Intern, Inc.*, 74 F.R.D. 379 (D. Del. 1977); *Kline Hotel Partners v. Aircoa Equity Interest, Inc.*, 729 F.Supp. 740 (D. Colo. 1990). The Scanameos neither explain nor point to any authority suggesting a reason why we should not find the holdings of these cases to be persuasive. In addition, we have previously concluded that jury trials are appropriate in cases alleging fraud. *See generally Plymale v. Upright*, 419 N.E.2d

756, 761, 763 (Ind. Ct. App. 1981) (providing that reliance upon a misrepresentation is a material element of a cause of action in fraud and a determination of whether such reliance was justified is a matter for the jury to determine).

[10] Further, the Scanameos request a monetary judgment and do not request equitable relief. The United States Supreme Court has previously determined that "insofar as [a] complaint requests a money judgment it presents a claim which is unquestionably legal." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476 (1962). Likewise, this court long ago held that where a complaint seeks only to recover compensation by way of monetary damages, "[t]here was no available error in submitting the trial of the cause to a jury." *Robertson v. McPherson*, 4 Ind. App. 595, 597, 31 N.E. 478, 478 (1892). Given the persuasive decisions of two different United States District courts coupled with the fact that the Scanameos do not request equitable relief but rather only monetary damages, we conclude that the character of the Scanameos' action is such that would entitle the parties to a jury trial.

## II. Indiana Trial Rule 38

[11] With respect to a litigant's right to a jury trial, Trial Rule 38 provides as follows:

> **(A) Causes triable by court and by jury.** Issues of law and issues of fact in causes that prior to the eighteenth day of June, 1852, were of exclusive equitable jurisdiction shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defenses which, prior to said date, were of exclusive equitable jurisdiction

with causes of action or defenses which, prior to said date, were designated as actions at law and triable by jury--the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same time or at different times, as the court may direct.

**(B) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by filing with the court and serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the first responsive pleading to the complaint, or to a counterclaim, crossclaim or other claim if one properly is pleaded; and if no responsive pleading is filed or required, within ten (10) days after the time such pleading otherwise would have been required. Such demand is sufficient if indorsed upon a pleading of a party filed within such time.

T.R. 38. Trial Rule 38(D) further provides that once a demand for trial by jury has been made, it "may not be withdrawn without the consent of the other party or parties." In addition, "a jury trial demand is not a pleading" but rather "is the invocation of a constitutional right which, once timely invoked, survives and need not be refiled" if a party amends its complaint or answer after the demand is made. *Hamlin v. Sourwine*, 666 N.E.2d 404, 408 (Ind. Ct. App. 1996).

[12] In this case, it is undisputed that the Scanameos filed a timely demand for a jury trial. It is also undisputed that Cardinal Health did not consent to the subsequent withdrawal of the demand for a jury trial. As such, pursuant to the clear language of Trial Rule 38(D), the demand for a jury trial may not be

withdrawn. The trial court, therefore, erred in granting the Scanameos' motion to strike the previously submitted demand for a jury trial.

[13] The judgment of the trial court is reversed and the matter remanded to the trial court with the instruction that the case be re-set on the jury trial calendar.

May, J., and Barnes, J., concur.