# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 26 2018, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

ATTORNEYS FOR APPELLANT

Paul B. Overhauser
April M. Jay
Overhauser Law Offices, LLC
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

David L. Taylor
Misti Presnell DeVore
Taylor DeVore P.C.
Indianapolis, Indiana

---

## IN THE
# COURT OF APPEALS OF INDIANA

---

Victor Spina,

*Appellant-Plaintiff,*

v.

Owners Insurance Company,

*Appellee-Defendant.*

March 26, 2018

Court of Appeals Case No.
55A05-1710-CT-2401

Appeal from the Morgan Circuit Court

The Honorable Daniel F. Zielinski, Special Judge

Trial Court Cause No.
55C01-1507-CT-1181

**Bradford, Judge.**

# Case Summary

Appellant-Plaintiff Victor Spina appeals following the trial court's determination that his homeowner's insurance provider, Appellee-Defendant Owners Insurance Company ("Owners"), did not owe a duty to defend him in an underlying lawsuit relating to his business dealings. Spina contends that because he requested a jury trial shortly after initiating his lawsuit against Owners, the trial court erroneously violated his constitutional right to a jury trial by making a judicial determination as to the question of whether Owners owed him a duty to defend. Because applicable authority indicates that the question of whether an insurance provider owes an insured a duty to defend is to be determined by the court, we affirm.

# Facts and Procedural History

## A. Facts Relating to the Underlying Lawsuit

On January 26, 2015, DirecTV, LLC ("DirecTV") filed a lawsuit against Spina and his brother, William Spina, individually and in their official capacities as principals in a company owning Texas Corral restaurants in Martinsville and Shelbyville, Indiana ("the DirecTV lawsuit"). The DirecTV lawsuit alleged that Spina and his brother had violated both federal and state law by committing acts "that constitute theft, misappropriation and/or unauthorized interception and display of DirecTV satellite signals and programming … at Texas Corral restaurants … operated at Martinsville and Shelbyville, Indiana for commercial

benefit without a valid commercial account [and] without paying a commercial rate." Appellant's App. Vol. II, p. 115.

## B. Facts Relating to Spina's Claims Against Owners

On April 1, 2015, Spina filed a claim under his homeowner's insurance policy relating to the DirecTV lawsuit. After Owners denied coverage under the homeowner's policy, Spina filed a lawsuit against Owners alleging breach of contract, breach of fiduciary duty, and bad faith and seeking injunctive relief. Spina also filed a request for a jury trial. Owners subsequently filed a counterclaim in which it requested a declaratory judgment as to whether it had a duty to defend Spina in the DirecTV lawsuit under the terms of Spina's homeowner's policy.

On October 13, 2016, Owners filed a motion to bifurcate the question of whether it had a duty to defend Spina in the DirecTV lawsuit from the remaining claims levied in Spina's complaint. Spina subsequently filed a brief in opposition to Owners's motion to bifurcate.

On or about November 1, 2016, the trial court issued an order granting Owners's motion to bifurcate trial. This order indicated that the question of coverage would first be determined by a bench trial. The order set the bench trial on the coverage issue for January 3, 2017. On November 14, 2016, Spina filed a motion in which it requested that the trial court reconsider the bifurcation order and set the entire matter for a single jury trial. The trial court denied Spina's motion to reconsider in an order dated December 22, 2016.

The trial court conducted a bench trial solely on the question of coverage on June 29, 2017. At the conclusion of this trial, the trial court concluded that Owners did "not owe a duty to defend or indemnify Spina against the claims of DirecTV[.]" Appellant's App. Vol. II, p. 126. This appeal follows.

# Discussion and Decision

The parties' numerous claims and arguments on appeal can be succinctly restated as whether the trial court violated Spina's constitutional right to a jury trial by making a judicial determination as to whether Owners had a duty to defend Spina in the DirecTV lawsuit. Generally,

> [a]n insurance company's duty to defend is broader than its duty to indemnify. *Seymour Mfg. Co. v. Commercial Union Ins. Co.*, 665 N.E.2d 891, 892 (Ind. 1996). An insurer, after making an independent determination that it has no duty to defend, must protect its interest by filing a declaratory judgment action for *a judicial determination* of its obligations under the policy or defend its insured under a reservation of rights. *Liberty Mut. Ins. Co. v. Metzler*, 586 N.E.2d 897, 902 (Ind. Ct. App. 1992), *trans. denied*.

*Emp'rs Ins. of Wausau v. Recticel Foam Corp.*, 716 N.E.2d 1015, 1025 (Ind. Ct. App. 1999) (emphasis added).

A judicial determination of whether an insurer owes the insured a duty to defend is appropriate because in order to make such a determination, the court must interpret the terms of the insurance policy, *i.e.*, the contract, agreed to by the parties. Interpretation of an insurance contract is a matter of law. *Burkett v.*

*Am. Family Ins. Grp.*, 737 N.E.2d 447, 452 (Ind. Ct. App. 2000); *Westfield Cos. v. Rovan, Inc.*, 722 N.E.2d 851, 855 (Ind. Ct. App. 2000). Issues of law "are not the proper subject of jury analysis." *Winney v. Bd. of Comm'rs of Vigo Cty.*, 174 Ind. App. 624, 628, 369 N.E.2d 661, 663 (1977). Therefore, when a party files a motion for declaratory relief, issues of law within the claim "will be determined by the court, either by a separate decision or by instructions to the jury." *Id.* at 629, 369 N.E.2d at 664.

[9] By seeking a declaratory judgment as to whether it had a duty to defend Spina and requesting the bifurcation of the issue from the other claims levied against it by Spina, Owners sought a judicial determination as to whether it had a duty to defend Spina before proceeding to trial on the claims asserted by Spina. The trial court conducted a bench trial focused solely on this question. The record reveals that had the trial court found that Owners owed Spina a duty to defend, the matter would have proceeded to a jury trial on Spina's claims. However, following this bench trial, the trial court determined that Owners did not have a duty to defend Spina. The trial court did not make any findings or conclusions thereon relating to any other issue. Given the applicable authority indicating that a determination as to whether an insurance company owes an insured a duty to defend is to be made by the trial court, *see Emp'rs Ins. of Wausau*, 716 N.E.2d at 1025, we conclude that the trial court did not violate Spina's constitutional right to a jury trial by making such a determination.

[10] The judgment of the trial court is affirmed.

Robb, J., and Crone, J., concur.