## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 17 2018, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| **APPELLANT PRO SE** | **ATTORNEYS FOR APPELLEE STATE FARM FIRE AND CASUALTY CO.** |
| Dwayne E. Gray<br>Indianapolis, Indiana | Dennis F. Cantrell<br>Keith D. Mundrick<br>Cantrell Strenski & Mehringer, LLP<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dwayne E. Gray,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>PPS of Indiana, LLC, and State Farm Fire and Casualty Co.,<br>*Appellees-Defendants.* | September 17, 2018<br><br>Court of Appeals Case No.<br>49A02-1712-PL-2799<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Gary L. Miller, Judge<br><br>Trial Court Cause No.<br>49D03-1702-PL-5757 |

**Shepard, Senior Judge.**

[1] The trial court granted summary judgment in favor of appellee State Farm Fire and Casualty Company (State Farm) on appellant Dwayne E. Gray's complaint

for damages. Concluding the trial court correctly entered judgment in State Farm's favor, we affirm.

## Facts and Procedural History

[2] On September 1, 2015, Gray submitted a claim to State Farm under his renter's policy for damage to furniture and other personal property from a leak due to a clogged bathtub. State Farm requested that Gray complete a Personal Property Inventory Form (PPIF) and provide a plumber's report and photos of the damaged property so that it could investigate his claim. Gray submitted documents to State Farm, most of which did not fulfill its requests. After several exchanges between the two parties, Gray filed a small claims action against State Farm and PPS of Indiana, LLC, the entity that allegedly caused the damage to Gray's property.

[3] Following a bench trial, the small claims court entered judgment in favor of Gray in the amount of $927. The court ordered PPS to pay Gray's deductible of $500 and ordered State Farm to pay the remainder of $427. Gray then sought trial de novo in the Marion Superior Court.

[4] State Farm moved for summary judgment, claiming the evidence is undisputed that Gray breached the contract of insurance by not providing the PPIF and other documentation and by bringing suit without first complying with the provisions of his policy. In response, Gray also filed a motion for summary

judgment against both State Farm and PPS. The court granted summary judgment in favor of State Farm and denied Gray's motion.[1]

# Issues

Gray presents three issues on appeal, which we restate as two:[2]

> I. Whether the court erred by granting summary judgment for State Farm; and
>
> II. Whether the court deprived Gray of his rights to due process by denying his discovery motions.

# Discussion and Decision

## I. Summary Judgment

On appeal from a grant of summary judgment, our standard of review is similar to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *City of Indianapolis v. Cox*, 20 N.E.3d 201 (Ind. Ct. App. 2014), *trans. denied*; *see also* Ind. Trial Rule 56(C). Appellate review of a summary judgment motion is limited to those materials designated to the trial court. *Sheehan Const. Co., Inc. v. Cont'l Cas. Co.*, 938 N.E.2d 685 (Ind. 2010). All facts and reasonable inferences drawn

---

[1] We note that the trial court granted summary judgment to State Farm only; accordingly, Gray's action against PPS remains pending in the trial court.

[2] In his brief, Gray claims the trial court's entry of summary judgment denied him his right to a jury trial. A grant of summary judgment brings a case to a close when one party or the other has no evidence that creates a material question of fact for a jury to decide. *See* Ind. Trial Rule 56(C); *see also Winney v. Bd. of Comm'rs of Vigo Cty.*, 174 Ind. App. 624, 628, 369 N.E.2d 661, 663 (1977) (stating that if a claim presents only questions of law and presents no question of fact, there is no function for a jury). Such is the situation here.

from those facts are construed in favor of the non-movant. *Id.* Further, the trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating on appeal that the grant of summary judgment was erroneous. *Auto-Owners Ins. Co. v. Benko*, 964 N.E.2d 886 (Ind. Ct. App. 2012), *trans. denied*.

[7] Gray's policy contains the following pertinent provisions:

### SECTION I – LOSSES INSURED

### COVERAGE B – PERSONAL PROPERTY

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I – LOSSES NOT INSURED**:

\*\*\*\*\*

12. **Sudden and accidental discharge or overflow** of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.

This peril does not include loss:

a. to the system or appliance from which the water or steam escaped;

b. caused by or resulting from freezing;

c. caused by or resulting from water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

d. caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, mold, or wet or dry rot.

Appellee's App. Vol. 2, pp. 47-48.

## SECTION I – CONDITIONS

*****

2. **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a. give immediate notice to us or our agent. Also notify the police if the loss is caused by theft. Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d. as often as we reasonably require:

   (1) exhibit the damaged property;

   (2) provide us with records and documents we request and permit us to make copies;

   (3) submit to and subscribe, while not in the presence of any other insured:

      (a) statements; and

      (b) examinations under oath; and

   (4) produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so; and

e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

   (1) the time and cause of loss;

(2) interest of the insured and all others in the property involved and all encumbrances on the property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the property during the term of this policy;

(5) specifications of any damaged building and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8) evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

\*\*\*\*\*

7. **Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

*Id.* at 51, 52.

[8]     In its motion for summary judgment, State Farm asserted it is entitled to judgment as a matter of law because Gray breached the insurance contract by failing to comply with the provisions requiring production of documentation following a loss and by violating the policy provision concerning suit against State Farm. In support of this contention, State Farm submitted an affidavit of the Claim Team Manager who handled Gray's claim, along with copies of correspondence showing the documentation requested by State Farm and Gray's responses to the requests. Although Gray submitted several documents,

he did not provide all the necessary information for State Farm to properly investigate his claim. In response to State Farm's final request, Gray instructed, "Save your questions for the judge we will be filing lawsuit against 3 fountains insurance for negligence and State Farm for breach of contract and bad faith in the amount of 8000." *Id.* at 93. State Farm included in its designated materials the notice of claim Gray filed in small claims court as well as the complaint he subsequently filed in the superior court.

[9] Gray's own motion for summary judgment contained the small claims court's judgments and, it appears, designated State Farm's designated materials. On appeal, Gray presents this Court with nothing to overcome his burden of demonstrating that the grant of judgment was erroneous.

## II. Discovery

[10] On this issue, Gray claims the trial court did not afford him due process when it denied his "properly drafted motions" and allowed State Farm to violate discovery rules. Appellant's Br. p. 7. His argument on this contention is murky, at best.

[11] On March 17, 2017, Gray filed with the court a "Motion to Leave and Request for Interrogatories and Production of Document to be Propounded to Defendant's." Appellant's App. Vol. 2, p. 12. The motion included several interrogatory questions and one request for production of documents. On March 20, 2017, the court responded by drawing a line through the order Gray had submitted to the court with his motion and simply typing in "The Court

orders all parties to comply with the Indiana Rules of Trial Procedure." *Id.* at 36. Gray claims that State Farm thereafter failed to respond to the discovery requests, prompting his filing of at least one motion for sanctions and two motions to compel. All were denied by the trial court, and, in denying the final motion to compel, the trial court added at the bottom of the order, "Plaintiff has failed to comply with Indiana [R]ules of Trial Procedure, including service." Appellee's App. Vol. 2, p. 9. State Farm asserts that Gray neither prepared nor served discovery requests in accordance with Trial Rules 33 and 34, and Gray points to nothing to show otherwise.

[12] Thus, we find no violation of Gray's due process rights. Stated simply, he did not follow the rules. *See Thacker v. Wentzel*, 797 N.E.2d 342 (Ind. Ct. App. 2003) (stating that a litigant who chooses to proceed pro se will be held to same rules of procedure as trained legal counsel and must be prepared to accept consequences of his action).

# Conclusion

[13] The trial court did not err in granting summary judgment for State Farm and it did not violate Gray's due process rights.

[14] Affirmed.

Najam, J., and Mathias, J., concur.